# TYRE SAMPSON VICKERS

*v.*

# DORA ADELL TYNDALL.

*Announced orally October 10, 1897.*

1. APPEALS AND ERRORS—*appeals must be prayed within twenty days from rendition of judgment.* Appeals from the Appellate Court must be prayed for within twenty days from the rendition of judgment, as provided in section 90 of the Practice act, as amended in 1877. (Laws of 1877, p. 153.)

2. REHEARING—*right to apply for rehearing is not statutory.* The right of a defeated party to apply for a rehearing is not given by statute, but is a matter of grace, growing out of the willingness of the court to correct inadvertent error.

3. SAME—*pendency of petition for rehearing does not extend time for praying appeal.* The pendency in the Appellate Court of a petition for a rehearing in a cause, and the granting of a stay of execution therein, do not operate to extend the time for praying an appeal to the Supreme Court until the petition for rehearing is disposed of.

MOTION to dismiss appeal.

W. S. MORRIS, for appellant.

JAMES C. COURTNEY, for appellee.

Mr. JUSTICE BOGGS announced the opinion of the court:

This is a motion by appellee to dismiss the appeal on the ground an appeal was not prayed within twenty days after rendition of the judgment in the Appellate Court.

The Appellate Court entered judgment in the cause on the 10th day of June, 1897, and appellant prayed an appeal on the 3d day of September. The appeal was not prayed within twenty days, as required by. section 90, chapter 110, of the Revised Statutes, entitled "Practice." The right to appeal is statutory, and must be taken in the time and manner provided by the statute. *Lewis* v. *Shear*, 93 Ill. 121; *Hileman* v. *Beale*, 115 id. 355; *Sholty* v. *McIntyre*, 136 id. 33.

On the 29th day of June, 1897, appellant filed in the Appellate Court a notice that he would enter a motion for a rehearing of the cause, and on the 3d day of July, 1897, filed the motion for a rehearing. The court denied the motion on the 25th day of August. On the 14th day of July, 1897, the appellant applied to the Appellate Court for, and was granted, an order staying the issuance of execution on the judgment until the next term of that court. It is suggested, in opposition to the motion to dismiss, the pendency of the petition for a rehearing and the stay of execution operated to suspend the operation of the statute requiring application for an appeal to be made within twenty days after the rendition of the judgment.

The right to apply for a rehearing is not given by the statute, but is a matter of grace or favor, growing largely out of the willingness of the court to correct any inadvertent error. If the defeated party desires to invoke the grace of the court to the end his case may be again reviewed upon certain specified points, he must consider that by doing so he may deprive himself of the right to an appeal, if the time allowed in which to pray for such appeal is consumed by the proceeding upon the petition for a rehearing. The petition for a rehearing has no ef-

fect to extend the time in which to pray for an appeal. *Sholty* v. *McIntyre, supra.*

The application for an order staying the issuance of execution upon the judgment was not made until the 15th day of July,—some days after the time limited in which to take an appeal had expired. It could not operate to extend the time in which to ask an appeal, because it was not made until after the full time allowed for that purpose had expired. Even had such application been made and allowed within twenty days after the rendition of the judgment, it would not have availed to suspend the operation of the provision of the Practice act, before cited. Such an order has no effect upon the finality of the judgment. It presupposes a final judgment, and its office is to suspend, temporarily, the collection thereof.

The appeal not having been prayed within twenty days after the rendition of the judgment, the motion to dismiss must be, and is, sustained.

*Appeal dismissed.*