699 N.E.2d 1028 (1998)
178 Ill.2d 577
232 Ill.Dec. 843
Patricia E. WEEKLY, etc., Respondent,
v.
Edward F. SKAHAN, Petitioner.
No. 85095.
Supreme Court of Illinois.
June 3, 1998.
Petition for leave to appeal denied.
In the exercise of this Court's supervisory authority, the Appellate Court, Second District, is directed to vacate its order allowing the appellee's motion to dismiss the appeal in In Re Marriage of Skahan v. Skahan, case No. 2-97-0941. The appellate court is ordered to consider the appeal on the merits, notwithstanding noncompliance with Supreme Court Rule 303.
Justice HARRISON, dissenting.
The appellate court dismissed petitioner's appeal for lack of jurisdiction. Under the law it could not have done otherwise. Its judgment presents no issues warranting review by our court, and the petition for leave to appeal was therefore properly denied. What I cannot agree with, or even understand, is the majority's decision to summarily vacate the appellate court's dismissal order.
This litigation commenced when petitioner's ex-wife brought a petition under section 609(a) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/609(a) (West 1996)) to remove the parties children from Illinois to Nebraska. The circuit court allowed removal in an order dated August 19, 1997, but set for further hearing questions of visitation and attorney fees.
Because the visitation and attorney fee questions remained unresolved, the August 19 order was interlocutory in nature. Rather than waiting for entry of a final judgment, petitioner attempted to file an interlocutory appeal from the August 19 order with the appellate court.
Under Article VI, section 6, of the 1970 Illinois Constitution, final judgments may be appealed as a matter of right from the circuit court to the appellate court, but there is no corresponding constitutional right to appeal from interlocutory orders of the circuit court. Rather, the constitution vests this court with the authority to provide for such appeals, by rule, as it sees fit. Ill. Const.1970, art. VI, sec. 6. Except as specifically provided by those rules, the appellate court is without jurisdiction to review judgments, orders or decrees which are not final. Almgren v. Rush-Presbyterian-St. Luke's Medical Center, 162 Ill.2d 205, 210, 205 Ill.Dec. 147, 642 N.E.2d 1264 (1994).
Petitioner, appearing pro se, asserted that the circuit court's order of August 19 was appealable under our Rule 304(b)(1) (155 Ill.2d R. 304(b)(1)), which allows a party to bring an interlocutory appeal from "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 155 Ill.2d R. 304(b)(1).
Contrary to petitioner's assertion, the August 19 order did not fall within the terms of this rule. A proceeding on a petition to remove under section 609 of the Illinois Marriage and Dissolution of Marriage Act does not constitute "the administration of an estate, guardianship, or similar proceeding."
Moreover, the interlocutory order here did not "finally determine[] a right or status or a party." The court had yet to resolve the issue of visitation, which was integral to its determination of the removal question.
Because the circuit court's order was interlocutory and did not fall within the terms of Rule 304(b)(1), the appellate court could not constitutionally assert jurisdiction over the matter unless the order qualified for review under one of the other supreme court rules authorizing interlocutory appeals. None of those rules, however, were applicable.
The judgment in this case subsequently became final and appealable when the circuit court issued two additional orders on November 19, 1997. Pursuant to our Rule 303(a) (155 Ill.2d R. 303(a)), petitioner then had 30 days to file a new notice of appeal. He could not rely on his prior notice of appeal, for when a notice is filed prematurely from an order that is not final and appealable, that notice is ineffective to confer jurisdiction on the appellate court. Marsh v. Evangelical Covenant Church, 138 Ill.2d 458, 469, 150 Ill.Dec. 572, 563 N.E.2d 459 (1990).
Needless to say, petitioner failed to file a new notice of appeal within the requisite 30-day *1029 period. When that period expired, petitioner had an additional 30 days in which he could have petitioned the appellate court for leave to file his appeal belatedly under our Rule 303(d) (155 Ill.2d R. 303(d)). He did not do that either. It is well established that compliance with the deadlines for appeals set forth in Rule 303 is mandatory and jurisdictional. Where the requirements of the rule have not been satisfied, the appeal must be dismissed. See Bernhauser v. Glen Ellyn Dodge, Inc., 288 Ill.App.3d 984, 989, 225 Ill. Dec. 531, 683 N.E.2d 1194 (1997). This is so even where, as here, the appealing party is proceeding pro se. Pro se litigants must comply with the same rules of procedure as would be required of litigant's represented by an attorney. Domenella v. Domenella, 159 Ill.App.3d 862, 868, 111 Ill.Dec. 771, 513 N.E.2d 17 (1987). Accordingly, the appellate court had no recourse but to dismiss petitioner's appeal for lack of jurisdiction.
In granting relief to petitioner despite his failure to comply with Rule 303, my colleagues behave as if the rules of court are somehow optional. They are not. Eighty years ago this court held that "[t]he rules of court have the same binding force upon parties, as well as upon the court, as have statutes." (Emphasis added.) North Avenue Building & Loan Ass'n v. Huber, 286 Ill. 375, 383, 121 N.E. 721 (1918). We made the point again only recently when we stated:
"The rules of court we have promulgated are not aspirational. They are not suggestions. They have the force of law * * *." Bright v. Dicke, 166 Ill.2d 204, 210, 209 Ill. Dec. 735, 652 N.E.2d 275 (1995).
In ruling as it did here, the majority has clearly placed itself above the law. I am unwilling to join it there. If the state's highest court cannot follow it own rules, I do not see how we can command obedience to those rules by others. I therefore dissent.
HEIPLE, J., joins in this dissent.