(No. 84627.—

STEVEN MOHN, Appellee, v. ROBERT W. POSE-GATE, M.D., *et al.*, Appellants.

*Opinion filed December 17, 1998.*

MILLER, J., took no part.

Heyl, Royster, Voelker & Allen (Karen L. Kendall and Craig L. Unrath, of Peoria, and Scott D. Spooner, of Springfield, of counsel), for appellants.

Michael B. McClellan, of Dodd & McClellan, P.C., of Champaign, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

In this case appellants ask us to consider but one issue: whether, following a jury trial, a party must raise in a post-trial motion any issue concerning the pretrial entry of summary judgment as to part of the cause of action in order to preserve that issue for review.

In the circuit court of Macon County, the plaintiff, Steven Mohn, filed a 12-count complaint in February 1991 against, among others, Dr. Robert Posegate, an ophthalmologist, and Sangamon Eye Associates, Ltd. (Sangamon). In November 1994, plaintiff filed his second amended complaint in two counts, count I being directed against Dr. Posegate and count II being directed against Sangamon. Plaintiff alleged that each defendant was guilty of one or more of approximately 16 negligent acts or omissions. In April 1995, Dr. Posegate moved for summary judgment as to count I of plaintiff's second amended complaint, and Sangamon moved for partial summary judgment as to count II. Following a hearing on June 6, 1995, the trial court allowed the motions of both defendants, entering summary judgment in favor of Dr. Posegate on count I and partial summary judgment in favor of Sangamon on count II.

The trial court took under advisement an oral motion by the defendants for a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Thereafter, defendants withdrew their oral motion for a Rule 304(a) finding. In a written objection to the "Rule 304(a) Motion," plaintiff

"assert[ed] that the interests of judicial economy would best be served by presenting the remaining Defendant and issues for trial, before pursuing any appeal of the issues he considers to have been prematurely decided; if the outcome of the trial were found to be satisfactory by all parties, there would be no need for further court action; if not, then all issues could be presented to the Appellate Court at the same time."

On December 20, 1995, following a hearing, the trial court denied the plaintiff's petition to reconsider its decision announced June 6, 1995, with respect to the defendants' motions for summary judgment and partial summary judgment. The trial court found that "there is no legal basis upon which the Court can make any findings or judgment different from the original order entered" and confirmed the prior orders granting summary judgment and partial summary judgment.

The case proceeded to trial by jury against the defendant Sangamon on the three allegations of negligence remaining, those set forth in subparagraphs (m), (n), and (o) of paragraph 14 of count II. The jury rendered a verdict in favor of the defendant Sangamon and against plaintiff. Following a hearing, the trial court denied the plaintiff's post-trial motion.

Plaintiff appealed, presenting a number of issues for review, among them, whether the trial court had erred by granting Dr. Posegate's motion for summary judgment and Sangamon's motion for partial summary judgment because both counts of the second amended complaint presented genuine issues of material fact. Both Dr. Posegate and Sangamon responded that plaintiff had waived this argument by having failed to raise it in his post-trial motion. In reliance upon *Mt. Zion State Bank & Trust v. Central Illinois Annual Conference of the United Methodist Church*, 198 Ill. App. 3d 881 (1990), the appellate court rejected the defendants' claim of waiver.

The appellate court agreed with Dr. Posegate and Sangamon that plaintiff's claims concerning Dr. Posegate's initial examination of him in August 1977 are barred by the statute of repose, and it concluded that no genuine issue of material fact exists whether Dr. Posegate personally provided negligent treatment to plaintiff after his initial examination of him in August of 1977.

However, the appellate court agreed with plaintiff that a genuine issue of material fact exists with respect to count I of the second amended complaint as to whether Dr. Posegate properly monitored and supervised the care and treatment of plaintiff by an optometrist, Dr. Larry Williams. In count II plaintiff alleged that Sangamon, through its agents and employees, *inter alia,* failed to perform a complete eye examination upon plaintiff; failed to advise or warn plaintiff or his parents of any dangers associated with plaintiff's participation in athletic activities or the need for plaintiff to wear protective eyewear during athletic activity; failed to inform plaintiff and his parents of certain signs of retinal detachment; failed to use proper diagnostic methods or techniques to diagnose the condition known as lattice degeneration in plaintiff's eyes; and failed to diagnose that condition in plaintiff's eyes in a timely fashion. Plaintiff alleged that he was injured when he was struck by a thrown ball while preparing to play a baseball game in July 1983, while he was a minor. The appellate court determined that genuine issues of material fact exist whether Sangamon, through the optometrist, conducted incomplete follow-up examinations until plaintiff's treatment ended in April 1983; failed to diagnose lattice degeneration; failed to inform plaintiff of the signs and symptoms of retinal detachment; and failed to warn plaintiff and his parents of the dangers associated with participation in sports activities.

In summary, the appellate court held that the trial court did not err by granting summary judgment in favor of Dr. Posegate and Sangamon as to claims against Dr. Posegate arising out of the examination in August 1977, but that the trial court did err by granting summary judgment in favor of Dr. Posegate and Sangamon as to the remainder of plaintiff's cause of action. The appellate court considered as well issues concerning purported er-

ror at trial, deciding them adversely to the plaintiff's contentions. In its order issued according to Supreme Court Rule 23 (166 Ill. 2d R. 23), the appellate court affirmed the judgment of the trial court in part and reversed it in part. No. 4—96—0865 (unpublished order under Supreme Court Rule 23). Pursuant to Supreme Court Rule 315 (166 Ill. 2d R. 315), we allowed both defendants leave to appeal. Defendants contend that "where a litigant fails to raise an issue in a post-trial motion following a jury trial, that issue has been waived, regardless of whether the claim of error arose before the jury was impaneled."

Section 2—1202(b) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1202(b) (West 1996)) provides that relief desired after trial in jury cases must be sought in a single post-trial motion and that the post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. Moreover, Supreme Court Rule 366(b)(2)(iii) (155 Ill. 2d R. 366(b)(2)(iii)) states that in jury cases "[a] party may not urge as error on review of the ruling on the party's post-trial motion any point, ground, or relief not specified in the motion." However, Supreme Court Rule 366(b)(3)(ii) (155 Ill. 2d R. 366(b)(3)(ii)) provides that in nonjury cases "[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review."

In *Mt. Zion State Bank & Trust* the plaintiff claimed error not in the judgment on the jury verdict but in the prior entry of summary judgment. The defendant, Central Illinois Annual Conference of the United Methodist Church, maintained that any error by the trial court in allowing its motion for summary judgment on certain counts was waived because the plaintiff had filed no post-judgment motion seeking to set aside the summary judg-

ment. In holding that no post-trial judgment motion by plaintiff was necessary to preserve error in its cross-appeal, the appellate court reasoned,

"No case has been called to our attention which rules directly upon the requirement for a post-trial motion to preserve error for review under the circumstances here, where the summary judgment contested was entered before a jury trial, on other issues, resulting in a judgment also being appealed. Somewhat analogous to the situation here is that in cases where a court directs a verdict for a defendant at the close of the plaintiff's case. No post-trial motion is necessary to preserve error for review from such a judgment. (*Keen v. Davis* (1967), 38 Ill. 2d 280, 230 N.E.2d 859.)" *Mt. Zion State Bank & Trust*, 198 Ill. App. 3d at 889.

In *Keen v. Davis*, 38 Ill. 2d 280, 281-82 (1967), this court held that a post-trial motion need not be filed following a directed verdict as a prerequisite to appeal and concluded that the appellate court had properly denied the motion to dismiss the appeal, reasoning as follows:

"Supreme Court Rule 240, effective January 1, 1967, reads: 'The order of the court granting a motion for a directed verdict is effective without any assent of the jury.' It follows the prevailing trend of doing away with useless form and, as noted by the committee comment, the new rule 'eliminates an archaic and futile ceremony.' We see nothing in the statute [Ill. Rev. Stat. 1965, ch. 110, par. 68.1 (*Larson v. Harris*, 38 Ill. 2d 436, 439 (1967))] to indicate a legislative intent that a post-trial motion be filed after a directed verdict. In fact, the contrary is indicated since no such motion is required in non-jury cases (section 68.3) or cases in which a jury has failed to reach a verdict. (Section 68.1(5).)"

When summary judgment is sought, it "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1996). Furthermore,

"[i]f the court determines that there is no genuine issue of material fact as to one or more of the major issues in the case, but that substantial controversy exists with respect to other major issues, or if a party moves for a summary determination of one or more, but less than all, of the major issues in the case, and the court finds that there is no genuine issue of material fact as to that issue or those issues, the court shall thereupon draw an order specifying the major issue or issues that appear without substantial controversy, and directing such further proceedings upon the remaining undetermined issues as are just. Upon the trial of the case, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." 735 ILCS 5/2—1005(d) (West 1996).

We see no more reason to require the filing of a post-trial motion following the entry of summary judgment as to one or more issues in a case, prior to trial of the case upon the remaining undetermined issues, than there is to require the filing of a post-trial motion following an order of the court granting a motion for a directed verdict. As this court said in *Robbins v. Professional Construction Co.*, 72 Ill. 2d 215, 224 (1978), a directed verdict is a complete removal of an issue from the province of the jury. The order of the court granting a motion for a directed verdict is effective without any assent of the jury (134 Ill. 2d R. 240). Similarly, summary judgment is rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact; where the court finds that there is no genuine issue of material fact as to one or more, but less than all, of the major issues in the case, the court shall draw an order specifying the major issue or issues that appear without substantial controversy, and upon the trial of the case as to the remaining undetermined issues, the facts so specified shall be deemed established. In the same way that the jury does not determine the verdict when it is directed, the jury makes no factual determination

concerning the issue or issues disposed of by entry of summary judgment before trial of the case upon the remaining undetermined issues. Thus, we conclude that, as in a nonjury case in which a post-judgment motion need not be filed, a party need not raise in a post-trial motion any issue concerning the pretrial entry of summary judgment as to part of a cause of action in order to preserve the issue for review. We note that in this case, pursuant to plaintiff's petition for reconsideration, the trial court had an opportunity to reexamine its decision as to the entry of summary judgment in favor of Dr. Posegate and partial summary judgment in favor of Sangamon.

The judgment of the appellate court is affirmed.

*Appellate court judgment affirmed.*

JUSTICE MILLER took no part in the consideration or decision of this case.