(Nos. 85967, 85974 cons.—

JOAN BERG, Appellee, v. ALLIED SECURITY, INC., *et al.*, Appellants.

*Opinion filed July 6, 2000.—Rehearing denied October 2, 2000.*

FREEMAN, J., specially concurring.

HARRISON, C.J., and BILANDIC and McMORROW, JJ., dissenting.

Joseph P. Postel, of Meachum, Spahr & Postel, of Chicago, for appellant Allied Security, Inc.

O'Connor, Schiff & Myers, of Chicago (Francis J. Marasa, Jill B. Lewis and Robert A. Dawczak, of counsel), for appellant Podolsky & Associates, Inc.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Alvin R. Becker, Howard A. London and Christopher A. White, of counsel), for appellee.

JUSTICE RATHJE delivered the opinion of the court:

The issue presented is whether the appellate court possessed jurisdiction over plaintiff's appeal. We hold that it did not.

## BACKGROUND

Plaintiff, Joan Berg, filed a personal injury action against defendants, Allied Security, Inc., and Podolsky & Associates, Inc. On September 4, 1996, the circuit court of Cook County granted summary judgment in favor of both defendants. 735 ILCS 5/2—1005 (West 1998). Thirty days later, on October 4, plaintiff moved for reconsideration or, in the alternative, for leave to file an amended complaint. On October 15, the circuit court denied reconsideration and took under advisement the request for leave to amend. On November 21, leave to amend was denied. Five days later, on November 26, plaintiff filed her notice of appeal.

In the appellate court, defendants argued that plaintiff's notice of appeal was untimely. Although it was filed less than a week after the circuit court had disposed of plaintiff's post-judgment request for leave to amend, defendants contended that plaintiff's motion was so deficient that it did not qualify as a post-judgment motion under section 2—1203 of the Code of Civil Proce-

dure (735 ILCS 5/2—1203 (West 1998)) and therefore did not operate to toll the 30-day appeal period under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)). Defendants' theory was that, because the 30-day period was not tolled by the pendency of the plaintiff's motion, the notice of appeal came too late, and the appellate court therefore lacked jurisdiction to hear plaintiff's appeal.

The appellate court rejected defendants' jurisdictional challenge and addressed plaintiff's appeal on the merits. It held that genuine issues of material fact existed and that summary judgment therefore was improper. Accordingly, it set aside the circuit court's summary judgment in favor of defendants and remanded the cause to the circuit court for further proceedings.

Both defendants petitioned this court for leave to appeal (177 Ill. 2d R. 315). We granted those petitions and consolidated the appeals. Before this court, defendants again argue that plaintiff's post-judgment motion was deficient and therefore did not toll the time for filing a notice of appeal. In addition, defendants argue that, even assuming that plaintiff's post-judgment motion was sufficient to toll the time for filing a notice of appeal, the appellate court still lacked jurisdiction over plaintiff's appeal because plaintiff's notice of appeal was filed more than 30 days after the trial court's denial of plaintiff's motion to reconsider.[1]

## ANALYSIS

We need not decide whether plaintiff's post-judgment motion was sufficient to toll the time for filing a notice of appeal. As defendants correctly point out, even assuming that plaintiff's post-judgment motion was sufficient, plaintiff filed her notice of appeal more than 30 days af-

---

[1] We note that, although defendants did not raise this argument in the appellate court, a challenge to a court's subject matter jurisdiction may be raised at any time. See *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 515 (1994).

ter the trial court's denial of her motion to reconsider. Accordingly, the appellate court did not have jurisdiction to hear plaintiff's appeal.

We begin with the familiar proposition that jurisdiction is conferred upon the appellate court only through the timely filing of a notice of appeal. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984); 155 Ill. 2d R. 301. Under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)), a notice of appeal must be filed

> "within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-judgment motion."

A post-judgment motion for leave to amend the complaint is not a motion directed against the judgment and therefore does not extend the time for appeal. *Andersen v. Resource Economics Corp.*, 133 Ill. 2d 342, 347 (1990); *Fultz v. Haugan*, 49 Ill. 2d 131, 135-36 (1971); see also *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981).

On October 4, 1996, plaintiff filed a motion for reconsideration of the judgment and requested leave to file a second amended complaint. On October 15, the circuit court denied plaintiff's motion for reconsideration and took under advisement her request for leave to file a second amended complaint. Thus, as of October 15, the only matter pending in the trial court was plaintiff's request for leave to file a second amended complaint, a request that was not directed against the judgment and did not extend the time for appeal. See *Andersen*, 133 Ill. 2d at 347; *Fultz*, 49 Ill. 2d at 135-36. Nevertheless, plaintiff filed her notice of appeal 42 days later, on November 26. Plaintiff's notice of appeal therefore was untimely, and the appellate court did not possess jurisdiction to hear her appeal.

Plaintiff's invocation of section 2—1005(g) of the Code of Civil Procedure (735 ILCS 5/2—1005(g) (West

1998)) does not change our analysis. Section 2—1005(g) specifically permits the amendment of pleadings before or after the entry of summary judgment. According to plaintiff, a motion requesting such amendment *after* the entry of summary judgment is necessarily directed against the verdict because, if the trial court grants the requested leave to amend, the entry of summary judgment cannot stand. Thus, every motion for leave to file an amended complaint after the entry of summary judgment implicitly includes a request to vacate the entry of · the summary judgment.

The problem with plaintiff's argument is that it is wholly incompatible with *Fultz*. In *Fultz*, this court held that a motion for leave to file an amended complaint, filed after a dismissal with prejudice, was not directed against the verdict and therefore did not extend the time for filing a notice of appeal under Rule 303(a). *Fultz*, 49 Ill. 2d at 135-36. Significantly, the motion in *Fultz* did not request to conform the pleadings to the proofs but rather sought substantive amendments adding both additional parties and additional counts. *Fultz*, 49 Ill. 2d at 136-37. Thus, just as in the present case, the motion in *Fultz* included an implicit request to vacate the judgment, as the dismissal with prejudice could not stand if the motion were granted. Nevertheless, this court unambiguously held that "[t]he motion for leave to amend is not a motion directed against the judgment." *Fultz*, 49 Ill. 2d at 136.

## CONCLUSION

For the reasons stated, we hold that plaintiff's notice of appeal was untimely and that the appellate court did not possess jurisdiction to hear her appeal. The appellate court's judgment therefore is vacated, and the appeal is dismissed.

*Appellate court judgment vacated;*
*appeal dismissed.*

JUSTICE FREEMAN, specially concurring:

In his dissent, the Chief Justice recounts the history of this case during the appeal to this court and states:

"Subsequent to our [July 1, 1999] decision, the defendants, Allied Security, Inc., and Podolsky & Associates, Inc., each petitioned our court for rehearing. Neither of their petitions raised any new matters, and our court properly voted to deny rehearing. Subsequent to that vote, however, Justice Freeman announced that he no longer agreed with the majority's opinion in the case and believed that rehearing should be allowed. Once rehearing was allowed, Justice Freeman changed his position and joined the three original dissenters in the case. The result is today's disposition." 193 Ill. 2d at 195 (Harrison, C.J., dissenting).

Although I am not entirely sure what legal point the Chief Justice is making in this regard, I welcome his comments because they provide the opportunity for a discussion of what occurs in this court when a petition for rehearing is filed.

Once this court issues an opinion, our rules of appellate procedure provide the nonprevailing party with the opportunity for rehearing in order to apprise the court of points the party believes were "overlooked or misapprehended." 134 Ill. 2d R. 367(b). "The right to apply for a rehearing is not given by the statute, but is a matter of grace or favor, growing largely out of the willingness of the court to correct any inadvertent error." *Vickers v. Tyndall*, 168 Ill. 616, 617 (1897). This rule exists so that the court can correct errors "into which the court may have inadvertently fallen in deciding the case as originally presented." *Matthews v. Granger*, 196 Ill. 164, 170 (1902). This court has previously noted that the filing of a petition for rehearing does not alter the effective date of the judgment unless the court allows the petition, in which case the effective date of judgment is the date that judgment is entered on rehearing. See *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291 (1981); *Glasser v. Essaness Theatres Corp.*, 346 Ill. App. 72 (1952) (noting

that when a petition for rehearing is filed, the judgment of the reviewing court does not become final until the petition is denied). Thus, once defendants filed petitions for rehearing in this case, the original July 1, 1999, decision was not a final one.

As an initial matter, this court never officially denied defendants' petitions for rehearing in this case. Once the petitions were filed and an initial vote was taken, two justices, myself included, voted to allow rehearing. In my view, rehearing was warranted because of several points raised by defendants in their petitions. I then informed my colleagues that I intended to file a dissenting opinion to the denial of rehearing. A majority of the court voted to postpone the announcement of the denial of rehearing pending the completion of my dissent. Once I completed that dissent, I, in accordance with court custom, circulated it amongst my colleagues. Subsequently, two other members of the court voted to allow rehearing, thereby providing the four votes needed for rehearing to be granted. An official order to that effect was entered on January 31, 2000.

Certainly, a justice is entitled to the view that the petitions for rehearing that were filed in this case presented no new issues. I did not share in that view, however. Rather, I believed that the petitions presented this court with several points that warranted a response from plaintiff and merited reconsideration in accordance with Rule 367(b). Given the importance of *stare decisis*, I believed it was better to reconsider these matters now, before our opinion became final, than to use a later case to limit or overrule the previous decision, particularly because this case concerned the application of one of the rules of this court. I must stress that the civil appeals rules involved in this case and the issues raised pertaining to them are of importance not only to the parties in this appeal, but for all civil litigants in this state. If grant-

ing rehearing under these circumstances is somehow improper or unjust, then I must ask to what end does a rehearing petition serve? Rather than cast the court's actions in this case in a bad light, as the Chief Justice's dissent clearly seeks to do, our efforts and attention to detail in this matter should serve to reassure both bench and bar that (i) the filing of a petition for rehearing is not a *pro forma* exercise in futility and (ii) the court takes seriously the rehearing period as well as the issues sought to be heard therein.

I will not use this special concurrence to recite the points defendants made on rehearing which prompted my vote to rehear the case. I will note, however, two points that I believed warranted reconsideration. First, in our July 1, 1999, opinion, we noted that this case was distinguishable from *Fultz v. Haugan*, 49 Ill. 2d 131 (1971), because plaintiff's motion for leave to amend was filed "in tandem" with the motion for reconsideration. Thus, by filing an additional motion, the nonprevailing litigant causes the period between the entry of the appealable order and the filing of the notice of appeal to potentially become prolonged. As noted by defendants in their petitions for rehearing, such a practice undercuts the salutary purposes served by Rule 303(d), which specifically provides nonprevailing litigants with an extension of time in which to file an appeal. See 155 Ill. 2d R. 303(d); see also Ill. Ann. Stat., ch. 110A, par. 303, Historical & Practice Notes, at 91-92 (Smith-Hurd 1985) (noting that rule was promulgated because the "delay in the finality of judgments was more harmful than could be justified"). Therefore, our previous ruling in this case created tension within Rule 303 which justified reconsideration.

Secondly, I strongly believed that the concerns raised by defendants in their petitions warranted our reconsideration of the following language contained in the court's original opinion:

"Although this rule [303(a)] utilizes language which makes its requirements appear mandatory, our court has recently recognized that the rule's requirements may be relaxed. In an appropriate case, the appellate court may entertain an appeal even where the appellant has failed to comply with Rule 303. *In re Marriage of Skahan*, 178 Ill. 2d 577 (1998)." Slip op. at 2.

The Chief Justice again cites this very language today. 193 Ill. 2d at 197 (Harrison, C.J., dissenting). I must point out that *Skahan* is not an opinion of this court. Rather, it is a supervisory order entered upon the denial of a petition for leave to appeal. Upon further reflection, I do not believe that this court should utilize our supervisory orders in this manner because they are not binding authority. This court has never before elevated these orders to the level of a published decision, and I believe it profoundly unwise to do so now. Supervisory orders do not provide bench or bar with a clear exposition of the facts which led this court to enter the order in the first instance. Plaintiff in this case argued for, and originally won, a construction of Rule 303(a) which was somewhat at odds with the plain, mandatory language of the rule. After considering this matter further, I preferred to consider the arguments raised on rehearing against the backdrop of the published precedent of this court.

In closing, I note that a "dissent should be impassive in tone rather than angry." *People v. Bull*, 185 Ill. 2d 179, 219 (1998), quoting R. Aldisert, Opinion Writing, § 11.5, at 170 (1990). The Chief Justice, however, intertwines his dissent with both stridence and derision. Unfortunately, this type of rhetoric serves only to create and foster an environment where incivility becomes the rule, not the exception, in our courtrooms. I repeat Justice Miller's eloquent comment contained in his concurrence in *People v. Bull*, 185 Ill. 2d 179, 222 (1998), in discussing this same justice's remarks in dissent on that occasion, "[w]hen rancor eclipses reason, the quality

of the debate is diminished, the bonds of collegiality are strained, and the judicial process is demeaned."

CHIEF JUSTICE HARRISON, dissenting:

At issue in these two consolidated appeals is whether plaintiff's post-judgment motion was sufficient to toll the period for filing her notice of appeal following entry of summary judgment in favor of defendants. In an opinion filed last July, our court answered this question in the affirmative and upheld the appellate court's judgment. *Berg v. Allied Security, Inc.*, Nos. 85967, 85974 cons. (July 1, 1999).

Subsequent to our decision, the defendants, Allied Security, Inc., and Podolsky & Associates, Inc., each petitioned our court for rehearing. Neither of their petitions raised any new matters, and our court properly voted to deny rehearing. Subsequent to that vote, however, Justice Freeman announced that he no longer agreed with the majority's opinion in the case and believed that rehearing should be allowed. Once rehearing was allowed, Justice Freeman changed his position and joined the three original dissenters in the case. The result is today's disposition.

Those who believe I have been too critical of my colleague's inconsistencies on the bench would do well to consider this case. Nearly a year after our original decision, the court has done a complete about face. Even though no new issues were raised and no changes in the law or facts occurred, the court today reaches exactly the opposite conclusion. This has become all too common. Above the front entrance to the United States Supreme Court is chiseled the phrase "Equal Justice Under Law." A more suitable motto for Illinois might be "Here today, gone tomorrow."

Here is what the court held when it first decided the case and what we should continue to hold today:

"Plaintiff, Joan Berg, filed a personal injury action

against defendants, Allied Security, Inc., and Podolsky & Associates, Inc. On September 4, 1996, the circuit court of Cook County granted summary judgment in favor of both defendants. 735 ILCS 5/2—1005 (West 1996). Thirty days later, on October 4, plaintiff moved for reconsideration or, in the alternative, for leave to file an amended complaint. In an order filed October 15, the circuit court denied reconsideration and took the request for leave to amend under advisement. On November 21, leave to amend was denied. Five days later, on November 26, plaintiff filed her notice of appeal.

In the appellate court, defendants argued that plaintiff's notice of appeal was untimely. Although it was filed less than a week after the circuit court had disposed of the last matter raised by plaintiff's post-judgment motion, defendants contended that plaintiff's motion was so deficient that it did not qualify as a post-judgment motion under section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1996)) and therefore did not operate to toll the 30-day appeal period under Rule 303(a) (155 Ill. 2d R. 303(a)). Defendants' theory was that because the 30-day period was not tolled by the pendency of the plaintiff's motion, the notice of appeal actually came too late, and the appellate court therefore lacked jurisdiction to entertain plaintiff's appeal.

The appellate court rejected defendants' jurisdictional challenge and addressed plaintiff's appeal on the merits. It held that genuine issues of material fact existed and that summary judgment was therefore improper. Accordingly, it set aside the circuit court's summary judgment in favor of defendants and remanded the cause to the circuit court for further proceedings. 297 Ill. App. 3d 891.

Both defendants petitioned this court for leave to appeal (177 Ill. 2d R. 315). We granted those petitions and consolidated the appeals for hearing and disposition.

In the proceedings before us, neither defendant takes issue with the appellate court's handling of the substantive issues related to their motions for summary judgment. Defendants' arguments are strictly procedural. They contend, as they did in the appellate court, that plaintiff's notice of appeal simply came too late to confer jurisdiction

on the appellate court and that the appellate court therefore had no right to review the circuit court's judgment on the merits. Accordingly, defendants assert that the appellate court's judgment should be vacated for lack of jurisdiction and that plaintiff's appeal should be dismissed.

In addressing defendants' claims, we begin with the familiar proposition that jurisdiction is conferred upon the appellate court only through the timely filing of a notice of appeal. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538 (1984); 155 Ill. 2d R. 301. Under Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)), a notice of appeal must be filed

> . 'within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-judgment motion.'

Although this rule utilizes language which makes its requirements appear mandatory, our court has recently recognized that the rule's requirements may be relaxed. In an appropriate case, the appellate court may entertain an appeal even where the appellant has failed to comply with Rule 303. *In re Marriage of Skahan*, 178 Ill. 2d 577 (1998).

There is no dispute that within 30 days of the circuit court's entry of summary judgment in this case, plaintiff did file a post-trial motion directed against the judgment. As previously indicated, the sole issue raised by defendants is the sufficiency of that motion. Because the motion attacked a judgment entered by the court sitting without a jury, it was subject to section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1996)) and had to specifically request one or more of the types of relief specified in that provision, *i.e.*, rehearing, retrial, modification of the judgment, vacating the judgment or other similar relief. *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 461 (1990); *Fultz v. Haugan*, 49 Ill. 2d 131, 135-36 (1971).

Plaintiff's motion here included such a request. It expressly asked the court to reconsider its entry of summary judgment and to reverse that judgment. Although

plaintiff did not detail in the motion itself precisely why she thought the judgment was infirm, she was not required to do so under section 2—1203. In contrast to section 2—1202 of the Code of Civil Procedure (735 ILCS 5/2—1202 (West 1996)), which governs post-trial motions in jury cases, section 2—1203 contains no requirement that the motion contain the points on which it is based or that it specify the grounds supporting it. See, *e.g.*, *In re Marriage of Jerome*, 255 Ill. App. 3d 374, 389 (1994).

The distinction between section 2—1203 and 2—1202, as the appellate court in this case correctly recognized (297 Ill. App. 3d at 895), reflects the different requirements for preserving error on review in jury and nonjury cases. Section 2—1202 mandates specificity in post-judgment motions in jury cases because in such cases, the post-judgment motion defines the scope of review. In a jury case, "[a] party may not urge as error on review of the ruling on the party's post-trial motion any point, ground, or relief not specified in the motion." 155 Ill. 2d R. 366(b)(2)(iii). If an issue is not raised in the post-trial motion, it is waived for review. See *Majcher v. Laurel Motors, Inc.*, 287 Ill. App. 3d 719, 738 (1997).

In nonjury cases, by contrast, post-trial motions are not required at all, and "[n]either the filing of nor the failure to file a post-judgment motion limits the scope of review" (155 Ill. 2d R. 366(b)(3)(ii)). As long as the issue sought to be contested on appeal is presented to the trial court at some point, the issue is not waived on appeal by failure to file post-judgment pleadings. See *In re Marriage of Mohr*, 260 Ill. App. 3d 98, 101 (1994). Post-judgment pleadings are not necessary to preserve the right to raise issues concerning entry of summary judgment even where the case involves additional matters which subsequently proceed to trial before a jury. *Mohn v. Posegate*, 184 Ill. 2d 540, 546-47 (1998).

Notwithstanding these considerations, the appellate court has sometimes viewed the requirements for post-trial motions under section 2—1203 more stringently. Based on language this court used in *Beck v. Stepp*, 144 Ill. 2d 232, 241 (1991) and *Andersen v. Resource Economics Corp.*, 133 Ill. 2d 342, 347 (1990), various appellate court decisions

have held that motions filed under section 2—1203 are required to specify the grounds warranting the relief requested. See, e.g., *J.D. Marshall, International, Inc. v. First National Bank*, 272 Ill. App. 3d 883, 888 (1995); *Sho-Deen, Inc. v. Michel*, 263 Ill. App. 3d 288, 293 (1994). As the appellate court in this case correctly pointed out, however, the circumstances in *Beck* and *Andersen* were qualitatively different from those present here.

In this case, the post-judgment motion was clearly identifiable as such, it was directed at the circuit court's judgment, and it included an explicit request that the judgment be reconsidered and reversed, the type of relief contemplated by section 2—1203 of the Code. That was not true in either *Beck* or *Andersen*.

In *Beck*, the only document submitted by counsel after entry of summary judgment was a letter to the trial judge noting that the judge's order differed from counsel's understanding of what the court told the parties it was going to do during a conference call. That letter did not constitute an application for judicial relief. It therefore could not qualify as any kind of motion, much less a post-trial motion under section 2—1203.

In *Andersen*, plaintiff's counsel simply requested leave to file an additional amended complaint after three prior versions of the complaint were dismissed. The motion did not seek reconsideration of the previous dismissals. Unlike the case at bar, the propriety of the court's prior rulings was not at issue. Counsel's motion was based on the wholly separate theory that additional facts previously unknown to plaintiff's attorney had been discovered which would permit plaintiff to now plead a new theory of recovery substantively different from those previously advanced.

Because neither *Beck* nor *Andersen* involved motions attacking the circuit court's judgment and requesting the type of relief contemplated by section 2—1203, the issue of how much specificity is required by a proper section 2—1203 motion was not actually before the court. The court's discussion of the specificity requirements should therefore not be construed as establishing a rule that is controlling where, as here, the post-judgment motion does attack the circuit court's judgment and does request relief

in accordance with section 2—1203. See *Mendelson v. Ben A. Borenstein & Co.*, 240 Ill. App. 3d 605, 615 (1992).

Proponents of greater specificity under section 2—1203 cite the need to afford the trial judge an opportunity to evaluate what exactly it is he is alleged to have done wrong so he can take appropriate corrective action. While this is a legitimate consideration, we note that the particulars of the movant's claims can always be explored at the hearing on the motion. As far as the trial court's deliberative process is concerned, having the specifics set out in the motion itself is not essential.

A more compelling reason for requiring greater specificity in the motion is to give opposing counsel fair notice of the arguments he must be prepared to address once the hearing on the motion is convened. If opposing counsel cannot reasonably understand and prepare for movant's arguments based on the text of the motion, however, that is a reason for denying the motion or granting counsel an additional opportunity to respond after the initial hearing is concluded. It is not a reason for holding that the motion does not even qualify as a motion. A lame horse, after all, is still a horse.

Those who would graft additional requirements onto section 2—1203 forget that, as part of the Code of Civil Procedure, the statute is to be liberally construed. 735 ILCS 5/1—106 (West 1994). They also fail to heed the basic principle of statutory construction that where the language of a statute is clear and unambiguous, as the language of section 2—1203 is, we must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996).

Because the post-judgment motion in this case was clearly identifiable as such, was directed at the circuit court's judgment, and included an explicit request that the judgment be reconsidered and reversed, it met the requirements of section 2—1203 and operated to toll the period for filing a notice of appeal under our Rule 303(a). The appellate court was therefore correct in rejecting defendants' challenge to its jurisdiction.

Our conclusion that plaintiff's notice of appeal was timely is not affected by the fact that the circuit court proceeded in stages, first refusing to reconsider the entry of summary judgment and then denying leave to file an amended complaint. Standing alone, a request for leave to amend a complaint after dismissal with prejudice does not extend the time for appeal or the time for filing other motions. *Fultz v. Haugan*, 49 Ill. 2d at 135-36. In this case, however, the prayer for leave to amend was submitted in tandem with plaintiff's request for reconsideration, and it was appropriate for plaintiff to wait until all matters raised by her post-trial motion were concluded before filing her notice of appeal. Rule 303 contemplates that parties will proceed in this fashion, rather than through piecemeal notices following each of the trial court's post-trial rulings. To penalize plaintiff for proceeding as she did would require a hypertechnical application of the rule which would be manifestly unfair and would serve no legitimate purpose."

For the foregoing reasons, the judgment of the appellate court should be affirmed. I therefore dissent.

JUSTICE BILANDIC, also dissenting:

I respectfully dissent. Rehearing in this case should not have been allowed. I agree with the original opinion that was filed in this cause, as quoted in Chief Justice Harrison's separate dissent. I, however, do not join in the additional remarks set forth in Chief Justice Harrison's dissent because they are not necessary for deciding the issue before us.

JUSTICE McMORROW, also dissenting:

Although I disagree with Justice Freeman's position on the jurisdictional issue in this case, I agree with the remainder of his special concurrence. In particular, I join in his remarks about the rehearing process, the citation of supervisory orders as authority, and the appropriate tone for opinions issued by this court. These matters prevent me from joining Chief Justice Harrison's dissent.

I have chosen to file my own dissenting opinion to explain my view that, under the unique facts of this case, the appellate court's exercise of jurisdiction was appropriate.

The majority concludes that plaintiff's notice of appeal was not timely under this court's decisions in *Fultz* and *Andersen* that a motion for leave to amend is not a valid post-judgment motion under Rule 303. These cases, however, are factually distinguishable from plaintiff's. In *Fultz* and *Andersen*, the plaintiffs filed motions for leave to amend following the dismissals of their complaints. This court held that those motions were not "directed against the judgment" because they did not request modification or vacation of the circuit court's judgment. Thus, they were not valid post-judgment motions for purposes of Rule 303(a). By contrast, plaintiff's request for leave to amend was part of a valid post-judgment motion, which asked for reconsideration of the circuit court's summary judgment ruling. See 735 ILCS 5/2—1203 (West 1998); *Andersen*, 133 Ill. 2d at 347.

Unlike the majority, I believe this distinction is significant. Rule 303(a) provides that the 30-day time limit for filing a notice of appeal begins to run upon the entry of an order "disposing" of the last "post-judgment motion." Given that plaintiff's post-judgment motion included a request for leave to amend in addition to a request for reconsideration, it was not unreasonable for her to believe that her "motion" was not "disposed" of until the court had ruled on both issues.

Justice Freeman asserts that a holding in this case that plaintiff's notice of appeal was timely would permit nonprevailing litigants to prolong the 30-day period under Rule 303 by filing motions for leave to amend in addition to their other post-judgment motions. I disagree that this would be the result of finding that jurisdiction existed under the particular facts of this case.

Because of differences in the motion filed by plaintiff

and the motions at issue in *Fultz* and *Andersen*, holding that plaintiff's motion was timely would not alter the *Fultz-Andersen* rule that a motion requesting only leave to amend does not extend the time for filing a notice of appeal. Moreover, it is important to note that, in this case, the circuit court separated plaintiff's request for leave to amend from the remainder of plaintiff's post-judgment motion and chose to decide it at a later time. A circuit court faced with a similar motion in the future could dispose of all portions of the motion at the same time, thereby preventing a request for leave to amend from prolonging the appellate process.

Under the circumstances of this case, the timing of plaintiff's notice of appeal was proper under a reasonable interpretation of Rule 303. In my view, it would be unfair to deny plaintiff access to the appellate court. Accordingly, I respectfully dissent.