NOTICE
Decision filed 04/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230927-U

NO. 5-23-0927

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JEREMY EDWARD BARKER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Macon County. |
| | ) | |
| v. | ) | No. 20-D-209 |
| | ) | |
| JORDAN MICHELLE BARKER, | ) | Honorable |
| | ) | James R. Coryell, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice McHaney and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly granted the defendant's motion to enforce the judgment for dissolution of marriage where the plaintiff had failed to make ordered payments, specifically, the equalization payment for the distribution of the marital property and one-half of the proceeds from a sale of the marital property in his possession. Also, the court did not abuse its discretion in ordering the plaintiff to pay the defendant's attorney fees for bringing the motion to enforce the judgment.

¶ 2    The plaintiff, Jeremy Barker, appeals from the order of the circuit court of Macon County, granting the defendant Jordan Barker's motion to enforce the November 17, 2022, judgment of dissolution of marriage entered in this case. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The parties were married on December 28, 2005. On July 9, 2020, the plaintiff filed a petition for dissolution of the marriage. On April 6, 2022, the trial court entered a bifurcated

1

judgment of dissolution of marriage; the issues left outstanding were child support for the two minor children, distribution of personal property, and retroactive child support. On November 17, 2022, the court entered a judgment of dissolution of marriage resolving the outstanding issues, ordering, in pertinent part, that the remaining personal property be sold within 90 days, the proceeds from the sale be equally divided between the parties, and the plaintiff pay the defendant an equalization payment of $24,469.57.

¶ 5    On December 16, 2022, the plaintiff filed a motion for reconsideration, challenging the amount of the equalization payment the trial court determined he owed to the defendant. On April 18, 2023, the court denied the plaintiff's motion for reconsideration. The plaintiff did not file a timely notice of appeal of the judgment of dissolution of marriage or the order denying his motion to reconsider.

¶ 6    On May 5, 2023, the defendant filed a motion to enforce the judgment for dissolution of marriage with regard to the distribution of the personal property and the equalization payment that the plaintiff was ordered to pay her. Following a hearing on the motion, on August 30, 2023, the trial court entered an order granting the motion, in which the court ordered the plaintiff to pay the defendant the following amounts within seven days: the previously ordered equalization payment of $24,469.57; one-half of the proceeds from the marital, personal property that he had sold, which equaled $7,288.50; $11,242.50, which represented one-half of the value of the personal property items that he was permitted to keep; and $2,942.50 for the defendant's attorney fees for enforcement of the judgment of the dissolution of marriage. The court also awarded certain personal property to each party. On September 25, 2023, the plaintiff filed a notice of appeal in the trial court, which was not filed in our court until October 13, 2023.

2

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, the plaintiff contends that the trial court erred in denying his motion for reconsideration, the court abused its discretion in granting the defendant's motion to enforce the judgment of dissolution of marriage where the defendant had failed to make a good faith attempt to sell the marital property in her possession, and the court abused its discretion when it granted the defendant's request for attorney fees since he had fully complied with the judgment by selling the personal property in his possession.

¶ 9                                    A. Jurisdiction

¶ 10      Before we address the merits of the plaintiff's appeal, we must first determine whether we have appellate jurisdiction in this case. The defendant contends that we lack jurisdiction to review the judgment of dissolution of marriage that was entered on November 17, 2022, and the order denying the plaintiff's motion for reconsideration that was entered on April 18, 2023, where the plaintiff failed to file a timely notice of appeal as required by Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017).

¶ 11      It is well established that jurisdiction is conferred upon the appellate court only through the filing of a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186, 189 (2000). The timely filing of a notice of appeal is both jurisdictional and mandatory. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Unless the appealing party has properly filed a notice of appeal, a reviewing court lacks jurisdiction over the order being appealed. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 12      Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) sets forth the time requirements for filing a notice of appeal from a final judgment in a civil case. Rule 303(a)(1) provides that a notice of appeal must be filed within 30 days after the final judgment appealed from was entered

3

or, if a timely posttrial motion directed against the judgment was filed, within 30 days after the order was entered disposing of the last pending postjudgment motion directed against the judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Berg*, 193 Ill. 2d at 189.

¶ 13 Strict compliance with the supreme court rules governing the time limits for filing a notice of appeal is required, and neither a trial court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court rules. *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 10.

¶ 14 Here, the plaintiff's notice of appeal was filed in the trial court on September 25, 2023, and in this court on October 13, 2023. In his notice of appeal, the plaintiff indicated that he was appealing the order entered by the trial court on August 30, 2023. The notice of appeal makes no mention of the court's order denying his motion for reconsideration or the earlier judgment of dissolution of marriage. However, in his appellant brief, the plaintiff contends that the trial court erred by entering the April 18, 2023, order denying his motion for reconsideration.

¶ 15 First, we note that the inclusion of this argument in his brief is improper since his notice of appeal did not specifically reference this order as an order being appealed from. See *JP Morgan Chase Bank, N.A. v. Bank of America, N.A.*, 2015 IL App (1st) 140428, ¶ 23 (the notice of appeal confers jurisdiction on the reviewing court to consider only the judgments or pertinent parts specified in the notice). However, even if his September 25, 2023, notice of appeal had indicated that he sought to appeal from the April 18, 2023, order, we would not have jurisdiction to consider it because he failed to file a notice of appeal within 30 days of the entry of that order. Additionally, we find that the defendant's filing of the motion to enforce the judgment of dissolution of marriage did not toll the time limit for filing a notice of appeal. Only motions for rehearing, retrial, modification of the judgment, vacation of the judgment, or other motions seeking similar relief

4

qualify as posttrial motions directed against the judgment that extend the 30-day deadline for filing a notice of appeal. *Djikas v. Grafft*, 344 Ill. App. 3d 1, 8-9 (2003). The motion to enforce the judgment did not, in any way, attack or challenge the November 17, 2022, judgment of dissolution of marriage. Thus, we conclude that we lack jurisdiction to consider any challenge to the trial court's denial of the plaintiff's motion to reconsider and to the court's distribution of the parties' marital property and calculation of the equalization payment that was set forth in the judgment of dissolution of marriage. We can, however, review the court's order granting the defendant's motion to enforce the judgment because the notice of appeal was timely filed with regard to that order.

¶ 16                    B. Order Enforcing Judgment of Dissolution of Marriage

¶ 17    On May 5, 2023, the defendant filed a motion to enforce the judgment of dissolution of marriage, contending that, as part of the judgment, the plaintiff was ordered to pay her an equalization payment in the amount of $24,469.57, but the plaintiff had not yet made that payment. In addition, the defendant contended that the parties were ordered to sell the remaining marital, personal property within 90 days and split the proceeds of the sale. Although the plaintiff had sold certain personal property in his possession, he had not paid one-half of the proceeds from the sale to the defendant (he sold the property for $14,577). Moreover, the defendant noted that there were still items of personal property in both parties' possession and proposed a settlement regarding that property without the need for further sale.

¶ 18    Attached to the motion was a list created by the defendant that showed the personal property that still needed to be distributed. In the list, the defendant identified property that was still in the plaintiff's possession that the plaintiff could keep (she valued that property at $22,485); property that was sold by the plaintiff; property that was still in the defendant's possession that

5

was required to be sold, but the auctioneer had indicated that the value of the property was approximately $1,200 and would not be worth an auction; and property that should be classified as the plaintiff's nonmarital property and would require no monetary contribution.

¶ 19 In the motion, the defendant requested that the trial court order the following: that the plaintiff pay to the defendant $24,535 for the equalization payment; that the property still in the plaintiff's possession valued at $22,485 be awarded to the plaintiff; that the property still in the defendant's possession be awarded to the defendant; that certain property be classified as the plaintiff's nonmarital property and awarded to him; that the plaintiff pay to the defendant $17,931 for equalization of the personal property distribution; and that the plaintiff reimburse the defendant for her attorney fees.

¶ 20 On June 26, 2023, the plaintiff filed a response to the motion to enforce judgment, admitting that he had sold certain personal property as required and had not paid one-half of the proceeds from the sale to the defendant. He explained that he was waiting for a written accounting from the defendant of what marital property she had sold before releasing those funds, but the defendant had not yet sold the items in her possession. He noted that he placed the proceeds from the items that he had sold in a bank account. The plaintiff requested that the remaining property items not sold by the parties be deducted equally by each party and for each party to receive credit.

¶ 21 On July 28, 2023, the trial court held a hearing on the motion to enforce the judgment, at which the following testimony was presented. The defendant testified that she and the plaintiff both had certain items of marital property in their possession, which were reflected in the plaintiff's Exhibit 1 that she introduced into evidence. Specifically, regarding Exhibit 1, she testified that the first column identified the items of personal property that were in the plaintiff's possession that had not been sold; the second column identified the marital property that the plaintiff had sold for

6

a total amount of $14,577; the third column identified items that were still at the marital residence that needed to be sold; and the fourth column identified personal property items that were nonmarital property and belonged to the plaintiff. She believed that the marital property still in her possession was worth $1,200. She acknowledged that the trial court had ordered the parties to sell certain items in their possession, but she explained that she had not sold the items in her possession because she still used some of them and was willing to give up one-half of their value to keep them. As for the remaining items, the auctioneer told her that it was not worth it for him to hold an auction because it would cost more money for him to remove the items from the property than what would be realized in the sale.

¶ 22 The plaintiff then testified that he sold the marital property in his possession for $14,577. He noted that the value of the items in the defendant's possession if purchased new would total $37,157.38. He requested that the marital property still in the defendant's possession be sold in a timely manner.

¶ 23 After hearing the testimony, the trial court ordered both parties to submit written proposed orders. The court then entered the defendant's proposed order, which awarded certain personal property to each party and required the plaintiff to pay the following to the defendant: the equalization payment of $24,469.57; one-half of the proceeds from the personal property that he had sold, which equaled $7,288.50; $11,242.50, which represented one-half of the amount of other personal property items that he was permitted to keep; and $2,942.50 for the defendant's attorney fees for enforcing the judgment of dissolution of marriage.

¶ 24 On appeal, the plaintiff argues that the trial court abused its discretion in granting the defendant's proposed order and attached exhibits and in denying his proposed order. Specifically,

he contends that the defendant failed to make a good faith attempt to sell the items in her possession as ordered, which was necessary for the court to order a proper division of the marital property.

¶ 25    After carefully considering the record, which includes the testimony presented at the hearing on the motion to enforce the judgment, we find that the trial court did not abuse its discretion in entering the defendant's proposed order. A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view. *In re Marriage of Dragoizulicic*, 2021 IL App (1st) 191732, ¶ 23. Although the defendant had not sold the marital property in her possession as ordered, she explained that the auctioneer had told her that he was not interested in selling the items at an auction as it would cost more to remove them from the property than what would be realized at the sale. In support of her explanation for not selling the items, she introduced into evidence a letter from the auctioneer, which indicated that the value of the items was $1,200.[1] The plaintiff estimated that the value of the items if they were purchased new was $37,157.38. He did not offer an opinion on the fair market value of the items in their current condition. He testified that he sold the marital property in his possession in compliance with the judgment of dissolution of marriage, and he was holding that money in a bank account.

¶ 26    In entering the defendant's proposed order, the trial court accepted the defendant's explanation for not selling the property in her possession. The trial court is in the best position to judge the credibility of the witnesses and resolve conflicts in the evidence. *In re Marriage of Arjmand*, 2013 IL App (2d) 120639, ¶ 35. Thus, we defer to the trial court's factual findings.

---

[1] This exhibit was admitted into evidence to show the defendant's state of mind, not for the fact that the items were worth $1,200.

¶ 27 Moreover, in his appellate brief, although the plaintiff discusses the exhibits that the defendant introduced into evidence at the hearing on the motion to enforce the judgment, the plaintiff did not specifically challenge the admissibility of those exhibits into evidence. However, if there is anything in his brief that could potentially be interpreted as a challenge to the admissibility of this evidence, we note that he has failed to clearly set forth his argument supported by legal authority. The failure to assert a well-reasoned argument supported by legal authority is a violation of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), which results in forfeiture of that argument on appeal. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009).

¶ 28 Lastly, the plaintiff argues that the trial court abused its discretion in ordering him to pay attorney fees to the defendant even though he had fully complied with the judgment of dissolution of marriage by making a good faith attempt to sell the marital property that was in his possession. Ordinarily, the primary obligation for the payment of attorney fees rests on the party on whose behalf the services were rendered. *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 22. However, section 508(a) of the Illinois Marriage and Dissolution of Marriage Act allows a court to order any party to pay a reasonable amount of the other party's attorney fees. 750 ILCS 5/508(a) (West 2022). Also, under section 508(b), the trial court must award attorney fees to the prevailing party in a proceeding involving the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification. *Id.* § 508(b). Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act is mandatory, not discretionary, and a court has no discretion whether to award attorney fees, only to determine whether the failure to pay was without cause or justification. *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 715 (2005). An award of attorney fees will not be overturned in the absence of a clear abuse of discretion by the trial court. *Id.*

¶ 29　　Here, the trial court ordered the plaintiff to pay the defendant's attorney fees for bringing the motion to enforce the judgment because the plaintiff failed to comply with the judgment of dissolution of marriage. The testimony indicated that, although the plaintiff sold the marital property in his possession as ordered, he never paid the defendant one-half of the proceeds from the sale. He also never paid her the equalization payment that was ordered as part of the marital property division. Thus, the defendant brought the motion to enforce the judgment, in part, because of the plaintiff's failure to comply with the judgment of dissolution of marriage.

¶ 30　　Because this case comes before us following a motion to enforce a judgment, the trial court could have awarded attorney fees in its discretion under section 508(a). Since the trial court did not make the explicit finding that the plaintiff's failure to comply was without compelling cause or justification under section 508(b), we review the court's award of attorney fees as an exercise of discretion. After reviewing the record, we find the trial court was within its discretion in ordering the plaintiff to pay the defendant's reasonable attorney fees in connection with her motion to enforce the judgment.

¶ 31　　　　　　　　　　　　　　　III. CONCLUSION

¶ 32　　For the foregoing reasons, we affirm the judgment of the circuit court of Macon County.


¶ 33　　Affirmed.