Joseph A. Tomaska and Louise Tomaska, His Wife, Plaintiffs-Appellees, v. Anthony Barone, Virginia Barone, Joseph Gagliardo, and Gagliardo Realty Co., Inc., Defendants-Appellants.

Gen. No. 53,160.

First District, Fourth Division.

December 31, 1968.

Gerard A. Serritella, of Chicago, for appellants.

Adamowski, Newey & Riley, of Chicago (Francis Riley, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs have moved to dismiss this appeal on the ground that the order defendants are seeking to reverse is not a final judgment and hence not appealable.

On January 15, 1968, the trial court, after hearing the case without a jury, entered a judgment for $2,700 in favor of plaintiffs and against defendants. On February 13 (29 days after entry of the judgment), defendants filed with the clerk, for presentation to the court, a motion "for an extension of time in which to file a Post-Trial Motion." The court denied the motion on February 23. On March 22, defendants filed their notice of appeal from that order, stating that they would ask this court to reverse the order appealed from and remand with directions to allow an extension of time as requested in their motion.

We gather from the presentation in this court that the motion for which defendants requested an extension of time would have represented an attempt to comply with section 68.3 of the Civil Practice Act. Ill Rev Stats (1967), c 110, § 68.3. That section provides:

Motions after decree or judgment in non-jury cases

(1) In chancery cases and in cases at law tried without a jury, any party may, within 30 days after the entry of the decree or judgment, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief. Neither the filing of nor the failure to file a motion under this section limits the scope of review.

(2) A motion filed in apt time stays execution, and the time for appeal from the decree or judgment does not begin to run until the court rules upon the motion.

This statute governing the filing of a so-called "post-trial motion" in a nonjury law case, is paired, more or less, with section 68.1 of the Civil Practice Act which applies to jury cases only. Ill Rev Stats (1967), c 110, § 68.1.

■ Basically, a notice of appeal must be filed within 30 days after entry of the final judgment appealed from. Supreme Court Rule 303(a); Ill Rev Stats (1967), c 110A, § 303(a). In the instant case, defendants did not file a notice of appeal within 30 days from entry of the judgment, so if their appeal is to withstand plaintiffs' motion to dismiss, authority must be found elsewhere.

■ Supreme Court Rule 303(a) also provides that "if a timely post-trial motion directed against the judgment is filed, whether in a jury or a non-jury case," the notice of appeal must be filed within 30 days after disposition of the motion. In the instant case, however, no "post-trial motion" was ever filed, so there is no alternative record date from which the time for filing a notice of appeal might be computed pursuant to this part of the rule. We consider it requisite under the language of the rule, that for a motion to qualify as a "post-trial motion" it must be one which specifically requests one or more of the types of relief authorized in subsection

(1) of section 68.3 (rehearing, retrial, modification or vacation of the judgment, or other like relief).[1] In our opinion, a motion for extension of time for the filing of such a motion, though technically made "post-trial," does not, in itself, qualify as a "post-trial motion" as that term is used in Rule 303(a). We must conclude, therefore, that there was no "timely post-trial motion" and thus no later alternative date available for the filing of a notice of appeal as a matter of right.

Returning to Rule 303, paragraph (e) thereof furnishes a grace period of 30 days within which a losing litigant may ask the reviewing court for leave to file a late notice of appeal upon showing in his petition a reasonable excuse for failure to file within the original allotted period. No such petition was filed in this court in the instant case, however.

■ Thus, there were two successive 30-day periods during which defendants could have taken steps to perfect an appeal. When, on the thirtieth day after judgment, the court had not yet passed upon their motion for extension, defendants could have filed a notice of appeal and abandoned their plans for a post-trial motion, since such a motion is not essential in a non-jury case anyway. Compare sections 68.1(2) and 68.3(1). Or, when the court denied defendants' motion for extension on February 23, they still had 21 days within which they could have asked this court for leave to appeal from the judgment. They elected to follow neither of these routes, however. Instead, they relied on the proposition that the court erred in denying their motion for extension of time and that this error was reviewable. Defendants did file a notice of appeal within 30 days from entry of the order just referred to, but that order did not have the char-

---

[1] The breadth of this relief seems to be inclusive of that in section 50(5) of the Practice Act relating to the authority of the court to "set aside" a final judgment.

acter of a final judgment and was therefore not appealable. See Harris Trust & Savings Bank v. Briskin Mfg. Co., 63 Ill App2d 12, 211 NE2d 32.

Defendants argue that the trial court had erroneously denied their motion for extension on the sole ground that at the date of the hearing on the motion (February 23) more than 30 days had passed since entry of the judgment, without the entry of an extension order within said period, thus leaving the court without jurisdiction to proceed further. Defendants point out, citing Young v. Madden, 20 Ill2d 506, 509, 170 NE2d 551 that in determining the timeliness of a motion, the date on which it is filed is controlling, rather than the date on which it is denied. The Young case stands for not quite that proposition,[2] but we could accept the argument as a general rule. We fail to see, though, how this helps defendants' position. They cannot be heard to claim that they were entitled to an extension of time as a matter of right, but only in the court's discretion. Had the court exercised its discretion and denied the motion, defendants would still have had to pursue their appeal, as we have indicated above. Furthermore, we are not certain that there can properly be an extension of the 30-day period for filing a post-trial motion in a nonjury case. Section 68.1 (3) relating to jury cases provides that post-trial motions must be filed within 30 days, "or within any further time the court may allow within the 30 days or any extensions thereof." Nothing similar to this quoted clause is to be found in section 68.3 relating to nonjury cases. We are inclined to believe that extensions of time should be permissible in both types of cases, but we need not decide that point here.

We allowed oral argument on the instant motion, at which time defendants cited Peach v. Peach, 73 Ill App2d

---

[2] The holding in Young was that when a timely motion to vacate a judgment was filed and denied some time later, the time for filing a notice of appeal started running at the later date.

72, 218 NE2d 504; and Bradley v. Metropolitan Sanitary Dist. of Greater Chicago, 56 Ill App2d 482, 206 NE2d 276. We believe that neither of these cases is helpful to defendants' position here.

 No notice of appeal from the final judgment has ever been filed. No post-trial motion has ever been filed. The notice of appeal which was filed expressly purports to appeal from an order which is not appealable. Much as we dislike doing so, therefore, we feel compelled to dismiss this appeal.

Appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.