City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Peter Earle, Jr., Defendant-Appellant.

Gen. No. 55,141.

First District, Fourth Division.
October 30, 1970.
Rehearing denied November 24, 1970.

Victor M. Earle, III, of New York, New York (David Goldberger, of Chicago, of counsel), for appellant.

Richard L. Curry, Corporation Counsel of City of Chicago (Marvin E. Aspen and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

The City has moved to dismiss defendant's appeal on the jurisdictional ground that the notice of appeal was not filed in apt time.

On December 19, 1969, judgment was entered finding defendant guilty of violating the disorderly conduct ordinance of the City and imposing a fine. Municipal Code of Chicago, section 193–1(a). The record is not clear as to the date of making or filing motions in arrest of judgment and for new trial, or their continuance if they were properly presented within 30 days of judg-

ment. Giving defendant the benefit of the doubt in regard to the timely filing of these motions, it does appear that they were denied by an order entered on February 2, 1970.

Supreme Court Rule 303(a) requires the filing of a notice of appeal within 30 days after disposition of post-trial motions, and Rule 301 provides that such filing is essential to jurisdiction in the reviewing court. Ill Rev Stats 1969, c 110A, §§ 303(a), 301. Thus, defendant's notice of appeal, to accomplish its function in this case, must have been filed by March 4, 1970. It was not. It was filed on March 26, 1970, and, lacking jurisdiction to proceed, this court would find it necessary to dismiss the appeal on its own motion had not the City done so. See, for example, Pruitt v. Motor Cargo, Inc., 30 Ill App2d 222, 227–228, 173 NE2d 851, and cases there cited.

Defendant opposes dismissal, contending that a stay of mittimus which had been ordered until March 25, 1970, had the effect of extending the time for filing a notice of appeal in the same way as a motion for new trial. We have been directed to no authority for this proposition, nor have we been able to find any. Rule 303(a), cited above, states that the 30-day period for filing starts with the entry of judgment or disposition of "a timely motion directed against the judgment." A motion for stay of mittimus does not have the character of being "directed against the judgment." See Tomaska v. Barone, 104 Ill App2d 356, 358–359, 244 NE2d 327.

The appeal is dsmissed.

Dismissed.

STAMOS, P. J. and DRUCKER, J., concur.