(No. 43609.—

NANCY ILES FULTZ, Appellant, *vs.* JOHN R. HAUGAN, Appellee.

*Opinion filed May 27, 1971.—Rehearing denied October 4, 1971.*

MARTIN F. ROBINSON and BRIAN B. BECKWITH, both of Chicago, (CHICAGO VOLUNTEER LEGAL SERVICES, and LEIBMAN, WILLIAMS, BENNETT, BAIRD AND MINOW, of counsel,) for appellant.

DEAN J. SODARO and ROBERT R. HARRING, JR., both of Chicago, (SODARO, BEDRAVA & NIEMI, of counsel,) for appellee.

Mr. JUSTICE RYAN delivered the opinion of the court:

On December 4, 1969, Nancy Iles Fultz filed suit in the circuit court of Cook County against John R. Haugan under section 4 of the Paternity Act (Ill. Rev. Stat. 1969, ch. 106¾, par. 54) to establish the paternity of her illegitimate child and to obtain an order for the support thereof. The child was born on July 14, 1960. In February, 1961, plaintiff and defendant had entered into a written agreement relative to the support of the child. The last payment under the agreement as amended was made on August 15, 1969. In neither the agreement nor the amendment did defendant acknowledge being the father of the child. In fact in the agreement defendant specifically denies that he is the father of the child.

After the filing of the complaint, the pleading and procedural picture becomes somewhat clouded but is important to the decision of this case. The defendant filed a motion to dismiss the complaint charging that the same had not been filed within two years after the birth of the child and that the issues thereof had been decided in another case. The plaintiff countered with a pleading entitled "Objection to Defendant's Motion to Dismiss Plaintiff's Paternity Complaint" in which she claimed her suit was not barred by a decision in another case and that as to the two-year limitation period she was relying on the fact that defendant had made a payment to plaintiff for the support of the child less than two years prior to the filing of the complaint. The other case referred to in the last two pleadings appears not to have been involved in the decision by the trial court. The defendant in turn filed an amendment to his motion to dismiss in which he alleged that in the agreement of February, 1961, plaintiff agreed not to bring any action against defendant to establish paternity. On March 31, 1970, the court entered an order allowing defendant's motion to dismiss.

On April 21 plaintiff filed a motion to vacate the order

of dismissal entered March 31. On April 24 the court denied the motion to vacate and commented that the plaintiff could not compute the two-year limitation period from the date of the last payment because section 4 requires that in such a case paternity be acknowledged. Plaintiff's counsel then suggested that the time limitation provision of the Paternity Act is unconstitutional, but the issue had not been raised in the pleadings and the court refused to so rule.

Plaintiff changed counsel, and on May 18 (within 30 days after April 24) filed a motion for leave to file a first amended complaint, count I of which was brought in the name of the plaintiff and realleged all the allegations of the original complaint and asked for the same relief. Count II was brought in the name of the minor by plaintiff as her next friend, alleging the defendant to be her natural father and praying that the court order defendant to provide for her support. Count III was brought by the plaintiff and the child, and alleged that unless they obtain relief they will be deprived of their rights under section 19 of article II of the Illinois constitution and under the fourteenth amendment to the Federal constitution, and asked that the court declare section 4, of the Paternity Act unconstitutional.

On May 22 a hearing was held on the motion for leave to file the amended complaint. Defendant objected to the filing of an amended complaint after final judgment had been entered, and plaintiff urged the constitutional grounds. The court expressed grave doubts about the ability to amend the complaint in this manner after judgment but continued the motion for leave to file the amended complaint and gave leave to plaintiff's counsel to submit a brief. During the discussion plaintiff's counsel informed the court that the appeal period was about to expire but did not file a motion attacking the order of April 24 or request an extension of time within which to do so.

On June 1 when plaintiff's counsel filed a brief in sup-

port of the motion for leave to file an amended complaint he incorporated in the brief, without leave of court, another motion to vacate the March 31 order of dismissal. On July 2 the court denied plaintiff's motion for leave to file an amended complaint and denied her new motion to vacate the order of March 31.

The plaintiff has appealed to this court from (a) the order of dismissal of March 31, (b) the order of April 24 denying the motion to vacate the order of March 31, and (c) the order of July 2 denying plaintiff's new motion to vacate the order of March 31 and denying the motion for leave to file an amended complaint. The plaintiff challenges the constitutionality of section 4 of the Paternity Act, therefore the appeal has come directly to this court. (43 Ill.2d Rule 302(a).) The constitutional issue is not reached in this opinion because of our holding herein on other questions.

Section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 68.3) provides: "In all cases tried without a jury, any party may, within 30 days after the entry of the decree or judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief. Neither the filing of nor the failure to file a motion under this section limits the scope of review."

Supreme Court Rule 303(a) (43 Ill.2d Rule 303(a)) provides: "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion."

In summary, the procedural picture is as follows:

The final judgment which disposed of the case was the order of dismissal of March 31. A motion to vacate this

judgment was filed on April 21 (within 30 days) and denied on April 24. On May 18 (within 30 days after April 24) another motion was filed but it was not a motion attacking the order of April 24 nor seeking relief in relation thereto. It was a motion for leave to file an amended complaint. At the hearing on this motion held on May 22 (still within the 30 days after April 24) no motion was made attacking the order of April 24 nor for an extension of time within which to do so. The order entered on that day was one continuing the motion for leave to file an amended complaint and allowing the filing of briefs. On June 1 (more than 30 days after April 24) plaintiff filed another motion to vacate the March 31 judgment.

After the order of April 24 denying the motion to vacate plaintiff had 30 days within which to file a notice of appeal (Rule 303(a)) or to file a motion attacking the order of April 24 or to obtain an extension of time within which to do so (Section 68.3). The filing on June 1 of the motion to vacate the March 31 judgment was not timely and plaintiff, by filing a notice of appeal within 30 days after the court denied the June 1 motion to vacate, cannot seek review of the March 31 and April 24 orders. See *Deckard* v. *Joiner*, 44 Ill.2d 412; *Pape* v. *Department of Revenue*, 40 Ill.2d 442.

It is plaintiff's position that the motion for leave to file an amended complaint filed on May 18, and the order of May 22 continuing the same, extended the time within which to file further motions attacking the original order. With this we do not agree. Rule 303(a) provides for extending the time for filing notices of appeal to 30 days after the disposition of a motion "directed against the judgment." Section 68.3 of the Civil Practice Act spells out the type of motions that may be filed within the 30 days or extension thereof (rehearing, retrial, modification or vacation of judgment or "for other relief"). We agree with the statement of the court in *Tomaska* v. *Barone*, 104 Ill. App. 2d 356,

that the "other relief" referred to in section 68.3 must be similar in nature to the other forms of relief enumerated in that section. A motion for leave to file an amended complaint is not encompassed within such "other relief" nor, as stated in Rule 303(a), is it a motion "directed against the judgment."

The statute governing the filing of amendments is found in section 46 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 46) and in the statute on Amendments and Jeofails (Ill. Rev. Stat. 1969, ch. 7). The motion for leave to amend is not a motion directed against the judgment. However, the scope of the amendment allowed depends upon whether or not a judgment has been entered, as we shall discuss later in this opinion. The appeal from the order of March 31 and the order of April 24 will be dismissed.

On this appeal we can therefore only consider the propriety of the two orders entered on July 2. As to the order denying the motion to vacate filed June 1, our observation that it was not filed within 30 days after the order of April 24 indicates the court's denial of the same was proper. Also, the court's denial of the motion for leave to amend was proper.

After judgment a pleading may be amended only to conform the pleadings to the proofs. (Ill. Rev. Stat. 1969, ch. 110, par. 46(3); *North Pier Terminal Co.* v. *Hoskins Coal and Dock Corp.*, 402 Ill. 192.) The judgment of March 31 was a final order disposing of the case. It was never vacated or set aside. Plaintiff could therefore only amend the complaint to make the same conform to the proof. However, the order of March 31 was entered pursuant to the defendant's motion to dismiss and no evidence by way of testimony or otherwise was presented, and thus no proof with which to make the complaint conform after judgment.

The amended complaint tendered was in three counts. The first count was identical with the original complaint dismissed, and counts II and III added new parties and new

causes of action. Such an amendment would have been appropriate before final judgment (Ill. Rev. Stat. 1969, ch. 110, par. 46(1)), but is not proper after judgment. The trial court properly denied plaintiff's motion for leave to file the amended complaint.

*Dismissed in part and affirmed in part.*