Ruth N: Krueger, Plaintiff-Appellee, v. Albert Barth Krueger, Defendant-Appellant.

(No. 58833; ▮▮▮▮▮▮▮▮

First District (5th Division)—September 28, 1973.

Louis M. Leider, of Chicago, for appellant.

Lissner, Rothenberg, Reif and Barth, of Chicago, (Burton Reif, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff has filed a motion to dismiss this appeal.

Various post-divorce-decree matters were finally adjudicated by an appealable order entered July 11, 1972, disposing of all issues then pending, including defendant's counterclaim. Defendant filed a timely petition for a new trial or rehearing, and also sought vacatur of a wage deduction order, recognition of an Egyptian divorce decree, the application of certain funds to arrearages under the divorce decree, and other matters. Hearings on this petition were held over a period of time and it was denied in its entirety by an order entered October 27, 1972, with a recital in the order that there was no just reason for delaying enforcement or appeal of the order.

On November 27, 1972, an order agreed to by counsel for defendant, was entered by the trial court purporting to extend the time to January 25, 1973, for defendant to file a notice of appeal from the October 27 order. Defendant filed a notice of appeal on January 24, 1973, seeking relief from all findings, orders and judgments entered from the filing

of the action through and including the order of November 27, 1972. Plaintiff's motion now proposes that this notice of appeal is a nullity and the appeal should be dismissed because: (1) it was filed too late with respect to the appealable order of October 27, 1972, since defendant did not comply with the 30-day time requirement for such filing, nor seek extension of time from this court, as prescribed by Supreme Court Rule 303 (Ill. Rev. Stat. 1971, ch. 110A, par. 303); (2) the order of the trial court extending the time to file a notice of appeal was beyond its authority under said rule, and was therefore a nullity; and (3) the agreement of counsel to the entry of that order was of no effect, as the parties cannot confer upon a court any authority which it does not otherwise possess.

■■ Under Supreme Court Rule 303(a), the time for filing a notice of appeal for review of the orders of July 11 and October 27, 1972, expired on November 27, 1972. The trial court was without authority to extend the time and no application for extension was made to this court under the provisions therefor which are found in Rule 303(e).

■■ Supreme Court Rule 301 (Ill. Rev. Stat. 1971, ch. 110A, par. 301) provides that the filing of a notice of appeal—and, inferentially, the timely filing of such a notice—is the sole jurisdictional requirement for review by this court. We therefore conclude that we do not have jurisdiction over this case, and plaintiff's motion to dismiss the appeal is allowed.

Appeal dismissed.

LORENZ and SULLIVAN, JJ., concur.