LEE ARTOE et al., Plaintiffs-Appellants, v. ILLINOIS BELL TELEPHONE Co. et al., Defendants-Appellees.

(No. 59666;

First District (1st Division)—February 3, 1975.

*Rehearing denied March 3, 1975.*

L. Robert Artoe, of Chicago, for appellants.

L. Bow Pritchett and Edward Butts, both of Chicago, for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

"Lee Artoe, President An-Lee, Inc., and An-Lee, Inc." filed suit against Illinois Bell Telephone Company and four named individuals. The trial court granted the written motion of defendants and dismissed the cause by order entered on May 14, 1973. On June 8, 1973, plaintiffs moved the court to set aside the order of dismissal and to set the cause for trial. It does not appear from the record before us that said motion was ever disposed of by any order of court. On August 6, 1973, Lee Artoe, plaintiff, filed a notice of appeal to this court from the judgment entered May 14, 1973.

■■■ Before considering the appeal on the merits, it is our duty first to determine that the appeal has been properly taken so as to invoke our jurisdiction. (*In re Organization of Fox Valley Community Airport Authority,* 23 Ill.App.3d 168, 318 N.E.2d 496.) "The question of whether a court has jurisdiction is *always* open, and the court may of its own motion dismiss an action where want of jurisdiction appears." *Weber v. Northern Illinois Gas Co.,* 10 Ill.App.3d 625, 629, 295 N.E.2d 41, citing *Village of Glencoe v. Industrial Com.,* 354 Ill. 190, 188 N.E. 329.

In the case before us, if plaintiff wished to appeal from the order of dismissal entered May 14, 1973, it was essential that the notice of appeal be filed with the clerk of the circuit court within 30 days from the date of the order. Since a post-trial motion was filed within 30 days, plaintiff could file the notice of appeal "within 30 days after the entry of the order disposing of the motion." (See Supreme Court Rule 303(a), 50 Ill.2d R. 303(a).) According to the record before us, the notice of appeal was filed more than 30 days from the entry of the order appealed from. There is no showing that the notice of appeal was filed "within 30 days after the entry of the order disposing of the motion." Indeed, there is no showing that the motion was ever disposed of in the trial court. The jurisdictional need for compliance with this rule appears from cases too numerous to cite. For example, see *Krueger v. Krueger,* 14 Ill.App.3d 877, 303 N.E.2d 573, and *City of Chicago v. Earle,* 130 Ill.App.2d 455, 265 N.E.2d 7.

In *Tomaska v. Barone,* 104 Ill.App.2d 356, 244 N.E.2d 327, this court considered a similar situation involving a notice to appeal filed more than 30 days from the entry of the judgment appealed from, but within

30 days after the making and denial of a motion for an extension of time in which to file a post-trial motion. The comments made in that case are peculiarly applicable here (104 Ill.App.2d 356, 359):

> "When, on the thirtieth day after judgment, the court had not yet passed upon their motion for extension, defendants could have filed a notice of appeal and abandoned their plans for a post-trial motion, since such a motion is not essential in a non-jury case anyway."

■■ In our opinion, we lack jurisdiction of the within appeal, and it is accordingly dismissed.

Appeal dismissed.

BURKE, P. J., and EGAN, J., concur.