RAYMOND HANDING, Plaintiff-Appellant, *v.* POWER FORD, INC., Defendant-Appellee.—(FORD MOTOR COMPANY, Defendant.)

First District (3rd Division)   Nos. 78-518, 78-639 cons.

Opinion filed December 27, 1978.

James R. Madler and Walter M. Ketchum, Ltd., both of Chicago, for appellant.

No brief filed for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

On February 13, 1976, the plaintiff Raymond Handing filed this action against the defendants seeking damages for injuries resulting from two accidents which occurred on January 25, 1974 and February 16, 1974. The plaintiff alleged that brake failure on his Ford LTD station wagon, manufactured by the defendant Ford Motor Company and sold to him by defendant Power Ford, Inc., caused the collisions. Both defendants filed answers to the complaint and the parties commenced discovery proceedings.

Subsequently, Power Ford, Inc., filed a motion to withdraw its answer and substitute a motion to dismiss. The motion alleged that in a discovery deposition the plaintiff admitted that the February 16, 1974, accident was not caused by failure of the brakes, as alleged in the complaint, but by a "blackout" which the plaintiff attributed to injuries received in the first accident on January 25, 1974. Power Ford argued that because the plaintiff's cause of action accrued as of January 25, 1974, it was barred by section 14 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 15).

On October 12, 1977, the trial court entered an order granting Power Ford's motion to dismiss the complaint with prejudice. The order contained a finding that there was no just reason to delay enforcement or appeal, thus rendering the order a final order for purposes of appeal. (Ill.

Rev. Stat. 1977, ch. 110A, par. 304(a); *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) Thereafter, on November 10, 1977, the trial court entered an order denying the plaintiff's motion to vacate the order of October 12, 1977. The plaintiff did not appeal from either of these orders. Instead, the record shows that on December 9, 1977, the plaintiff filed a motion to vacate the two prior orders and for leave to file an amended complaint based on the theory of breach of warranty. On December 19, 1977, the court entered an order denying the plaintiff's motion to vacate the two prior orders. This order contained no reference to the plaintiff's motion to amend his complaint. On January 17, 1978, the plaintiff filed his notice of appeal from the order of December 19, 1977.

In his brief filed with this court, the plaintiff presents for review the question of whether it was proper for the trial court to deny his request to file an amended complaint in its order of December 19, 1977. As we previously noted, the court made no reference in that order to the plaintiff's motion to file an amended complaint. Power Ford filed a motion to dismiss the appeal alleging that this court is without jurisdiction to hear this appeal because the notice of appeal was not filed within 30 days of the entry of the final and appealable order of October 12, 1977, or of the order of November 10, 1977. We dismissed the appeal but subsequently granted a motion by the plaintiff to vacate the dismissal order. Power Ford has not filed a brief in this court.

Before considering the appeal on its merits, we will determine whether the appeal has been properly taken so as to invoke our jurisdiction. (*Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 325 N.E.2d 698.) Supreme Court Rule 303(a) provides that the notice of appeal must be filed within 30 days of the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, within 30 days of the entry of the order disposing of the motion. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) The order granting Power Ford's motion to dismiss was entered on October 12, 1977. The post-trial motion to vacate the order was denied on November 10, 1977. The plaintiff had 30 days from November 10 within which to file his notice of appeal. Instead, the plaintiff filed another motion to vacate the prior orders, and it is from the denial of this motion that the plaintiff appeals.

In *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232, our supreme court held that a second post-trial motion filed beyond the 30 days by the same party attacking the same judgment does not extend the time for the filing of appeal. The court noted that:

"To hold to the contrary would not only violate the spirit of our

rule, which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate. * * * They [the post-trial motions] were merely attempts to have the trial court review its own orders after thirty days, which it cannot do. Such motions or petitions may not be utilized to toll the time for appeal. [Citation]" (44 Ill. 2d 412, 418-19.)

Despite dicta in *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873, which suggests that a second motion directed against the court's order on the original post-trial motion would toll the time for the appeal, we hold that the *Deckard* decision sets forth the law in this State. A recent decision of this court (*Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039) relied on *Deckard* in dismissing an appeal for lack of jurisdiction. In *Rose*, as in the case at bar, the plaintiff's complaint was dismissed. After the trial court denied a motion to reconsider, the plaintiff filed a motion to reconsider the first post-trial motion and to file an amended complaint. This court commented that "[I]f the proliferation of such motions were permitted to its logical extreme, neither appellate review nor finality of judgments could ever be accomplished."

In our opinion, the order vacating the dismissal was improvidently entered and this appeal must be dismissed for want of jurisdiction because it was not filed within 30 days of the order of November 10, 1977. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) This appeal is accordingly dismissed.

Appeal dismissed.

SIMON, P. J., and McNAMARA, J., concur.