JAMES A. WITVOET, SR., Plaintiff-Appellant, v. FIREMAN'S FUND INSURANCE, INC., *et al.*, Defendants-Appellees.

Third District No. 3—99—0755

Opinion filed December 1, 2000.

BRESLIN, J., specially concurring.

James A. Witvoet, Sr. (argued), of St. Anne, for appellant.

Brian P. Thielen and Barbara E. Snow (argued), both of Thielen Law Offices, of Bloomington, for appellee Fireman's Fund Insurance, Inc.

J. Dennis Marek and Robert W. Boyd (argued), both of Ackman, Marek & Boyd, Ltd., of Kankakee, for appellees J.I. Case Credit, Inc., R. James Lannon, Jr., M. Tod Melton and Michael T. Reagan.

Stephen R. Swofford, of Hinshaw & Culbertson, of Chicago, and Cory D. Lund, of Hinshaw & Culbertson, of Joliet, for appellees Gerald A. Drendel and Edward F. Kelly.

Troy A. Lundquist (argued) and Karen T. McDonnell, both of Mangan, Langhenry, Gillen & Lundquist, of Joliet, for appellee Rothrock Implement, Inc.

JUSTICE KOEHLER delivered the opinion of the court:

In this malicious prosecution action, the plaintiff, James A. Witvoet, Sr., appeals (1) the circuit court's June 28, 1999, order denying his motion for leave to file third amended complaint; (2) its September 3, 1999, order granting the defendant's motion to strike; and (3) its September 30, 1999, order clarifying its previous order to reflect the stricken motion was plaintiff's motion to reconsider. We affirm.

## FACTS

This dispute arose after defendant Rothrack Implement, Inc., sold a combine to a third party, Ronald Shepard. It accepted Shepard's personal check after plaintiff provided a positive reference that Shepard was a good credit risk. Shepard turned around and sold the combine to Witvoet and then closed his bank account. When Rothrack presented Shepard's check and learned that the account had been closed, it took steps to procure the combine. These steps included a civil proceedings against Witvoet, which was voluntarily dismissed after the defendants successfully obtained a preliminary injunction against Witvoet.

On January 20, 1998, Witvoet filed a complaint for malicious prosecution against the defendants for their various roles in the underlying civil proceeding. The defendants filed separate motions to dismiss pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1992)). The circuit court consolidated the motions, granted the section 2—615 motions, and allowed Witvoet 28 days to file an amended complaint.

Witvoet filed his first amended complaint, and the defendants again moved to dismiss. The circuit court granted these motions on February 19, 1999, and denied Witvoet's oral motion for leave to file a second amended complaint. Instead, it directed Witvoet to file a written motion to amend within 35 days, along with an attached proposed second amended complaint. On March 25, 1999, Witvoet filed such a motion, along with a proposed pleading similar to the pleadings previously dismissed. The circuit court ultimately issued an order on May 5, 1999, denying leave to file the proposed second amended complaint.

In so doing, the circuit court did not grant Witvoet leave to file or even propose another amended pleading. That order was silent as to whether it was entered with or without prejudice.

Thirty days later, on June 4, 1999, Witvoet filed a motion for leave to file a third amended complaint with an attached proposed pleading. The defendants moved to strike the motion, arguing that the May 5 order was final and appealable, since it had terminated the litigation and Witvoet had been denied leave to further amend his pleadings.[1] On June 28, 1999, the circuit court ultimately denied the defendants' motions to strike and Witvoet's motion to file. Witvoet filed a motion to reconsider its denial on July 21, 1999, which defendant Fireman's Fund moved to strike as an improper successive motion.

The circuit court granted defendant Fireman's Fund's motion to strike on September 3, 1999, but incorrectly stated in its docket entry that it was striking Witvoet's motion for leave to file a third amended complaint. On September 24, 1999, the circuit court entered a clarifying order that it had stricken the motion to reconsider without hearing. Witvoet filed a notice of appeal on October 1, 1999, seeking to appeal the circuit court's orders of June 28, September 3, and September 24, 1999.

## ANALYSIS

■ Several (but not all) defendants initially assert that this court does not have jurisdiction to hear this case on appeal. This court must determine whether the appeal has been properly taken so as to invoke the court's jurisdiction prior to considering the merits of an appeal. *Westinghouse Airbrake Co. v. Industrial Comm'n*, 306 Ill. App. 3d 853, 856, 715 N.E.2d 294, 297 (1999). The filing of a timely notice of appeal is jurisdictional. *Bean v. Norfolk & Western Ry. Co.*, 84 Ill. App. 3d 395, 400, 405 N.E.2d 418, 422-23 (1980). Illinois Supreme Court Rule 301 states:

> "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding." 107 Ill. 2d R. 301.

Additionally, Supreme Court Rule 303(a)(1) states, in pertinent part:

> "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment

---

[1]While the defendants contend that Witvoet had been denied leave to further amend his pleadings, the docket does not indicate Witvoet requested leave to amend prior to June 4, 1999, although the circuit court also did not *sua sponte* grant Witvoet leave to amend.

is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion." 107 Ill. 2d R. 303(a)(1).

Defendants Firemans' Fund Insurance, Inc., Gerald A. Drendel, Edward F. Kelly, and Rothrock Impelement, Inc., argue that the circuit court's May 5, 1999, order denying Witvoet leave to file a second amended complaint was final and appealable. Therefore, since Witvoet failed to file either a timely notice of appeal within 30 days after this order or a postjudgment motion directed against the judgment that would toll the 30-day period, this court does not have jurisdiction to hear Witvoet's appeal.

Witvoet does not specifically respond to the argument contesting jurisdiction. However, he does assert that the May 5, 1999, order was not final and appealable because the circuit court failed to make a Supreme Court Rule 304(a) finding. Witvoet asserts that a Rule 304(a) finding is necessary when dismissing a defendant from a case involving several defendants.

■ Supreme Court Rule 304(a) is inapplicable to this case and states, in pertinent part: "If multiple parties *** for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but *fewer than all* of the parties or claims" if the circuit court finds no reason to delay enforcement or appeal. (Emphasis added.) 107 Ill. 2d R. 304(a). While this case does involve multiple defendants, the May 5, 1999, order adjudicated Witvoet's claim as to all of them. There was no need for an order allowing interlocutory appeal when the court dismissed the entire claim.

More importantly, the defendants' jurisdictional argument misapprehends the limited scope of Witvoet's appeal.[2] While Witvoet addresses the May 5, 1999, order, he does so in the context of appealing the circuit court's actions of June 28, September 3, and September 24, 1999. Witvoet does not appeal the May 5, 1999, order itself. Thus, we need to determine only whether Witvoet successfully preserved appeal of the court's orders denying him leave to file a third amended complaint and striking his motion for reconsideration.

In *Fultz v. Haugan*, 49 Ill. 2d 131, 305 N.E.2d 873 (1971), the plaintiff appealed from a March 31 order of dismissal, an April 24 order denying her motion to vacate the March 31 order, and a July 2 or-

---

[2]This is not intended as a criticism of defense counsel. Witvoet's *pro se* appeal brief is convoluted and his legal arguments are difficult to discern. The defendants' jurisdictional challenge is no doubt the result of either their own understandable misreading of the brief or a legitimate concern that this court might misread it.

der denying her new motion to vacate the March 31 order and denying her motion for leave to file an amended complaint. Our supreme court concluded that the motion for leave to amend was not a motion directed against the judgment as required by Rule 303(a) to extend the 30-day period for filing an appeal and, therefore, dismissed the plaintiff's appeal of the March 31 and April 24 orders, as the plaintiff had failed to file her notice of appeal within 30 days after the court's April 24 order, disposing of her pending postjudgment motion. However, our supreme court determined that it did have jurisdiction to consider the two orders entered on July 2, including the denial of the motion for leave to amend. The court then concluded that the circuit court had properly denied the plaintiff's motion for leave to file the amended complaint because the plaintiff sought to amend the complaint further than making it conform to the proof. See 735 ILCS 5/2—616 (West 1998).

In the instant case, Witvoet filed his notice of appeal within 30 days of the order entered September 3, 1999. As previously noted, Witvoet appeals only the June 28, September 3, and September 24 orders. Under *Fultz*, we have jurisdiction to consider the limited issues that Witvoet brings to this court.

In this regard, the special concurrence's citation to *Andersen v. Resource Economics Corp.*, 133 Ill. 2d 342, 549 N.E.2d 1262 (1990), is inappropriate. In *Andersen*, after his initial two attempts were dismissed, the plaintiff filed a second amended complaint at law, which was eventually dismissed in March 1985. Twenty-nine days later, he simultaneously filed a notice of appeal and a motion for leave to file a third amended complaint. In June 1985, the plaintiff dismissed the appeal, believing that his latest motion was in the nature of a posttrial motion. *Andersen*, 133 Ill. 2d at 344, 549 N.E.2d at 1263-64.

In October 1985, the trial court denied the motion to file a third amended complaint. The appellate court reversed, and the defendants appealed. The supreme court then vacated the appellate court judgment, finding that jurisdiction was lacking. *Andersen*, 133 Ill. 2d at 346, 549 N.E.2d at 1265.

The key distinction between *Andersen* and the instant case is that the *Andersen* plaintiff sought to attack the underlying dismissal of the second amended complaint, via (in his perception) a posttrial motion. The supreme court distinguished *Fultz* on this basis. *Andersen*, 133 Ill. 2d at 347, 549 N.E.2d at 1264-65. Indeed, the supreme court noted that *Fultz* "appears to be controlling authority" (*Andersen* 133 Ill. 2d at 347, 549 N.E.2d at 1265), which hardly supports the special concurrence's conclusion that *Fultz* has been "disregarded *** in favor of a finding that *Deckard [v. Joiner*, 44 Ill. 2d 412, 255 N.E.2d 900 (1970),] properly sets forth the law in this state." 317 Ill. App. 3d at 921.

■ As noted above, Witvoet does not appeal the order of May 5, 1999. If he had, *Andersen* would be precisely on point and would compel a finding of lack of jurisdiction. Instead, the limited scope of this appeal is the order of September 3, 1999 (and the underlying June 28, 1999, order which the latter order addressed). That appeal was properly preserved.

■ Turning to the merits, the circuit court did not abuse its discretion in entering any of the orders at issue. A pleading may only be amended after judgment to conform the pleadings to the proofs. 735 ILCS 5/2—616(c) (West 1992). Witvoet, however, was not seeking to conform his complaint to the proof, as there had as yet been no proof the circuit court had dismissed the complaint; leaving no evidence with which to make the complaint conform. See *Fultz*, 49 Ill. 2d at 136, 305 N.E.2d at 876. Accordingly, we conclude that the circuit court did not abuse its discretion when it denied Witvoet's motion for leave to file a third amended complaint. Based on this conclusion, it was not error to strike Witvoet's motion for reconsideration.

## CONCLUSION

In sum, we conclude that (1) this court has jurisdiction to consider the orders, from which Witvoet appeals; and (2) the circuit court did not abuse its discretion in denying Witvoet's motion for leave to file a third amended complaint or granting defendant Fireman's Fund's motion to strike Witvoet's motion to reconsider. Accordingly, we affirm.

Affirmed.

HOLDRIDGE, J., concurs.

JUSTICE BRESLIN, specially concurring:

Because I believe that we should dismiss Witvoet's appeal on the basis that this court lacks jurisdiction, I concur in the judgment only.

In *Deckard v. Joiner*, 44 Ill. 2d 412, 255 N.E.2d 900 (1970), the Illinois Supreme Court held that a second posttrial motion by the same party attacking the same judgment does not extend the time for filing an appeal. Specifically, the court stated:

> "To hold to the contrary would not only violate the spirit of our rule, which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate. *** [The posttrial motions] were merely attempts to have the trial court review its own orders after thirty days, which it cannot do. Such motions or petitions may not be utilized to toll the time for appeal. [Citation.]" *Deckard*, 44 Ill. 2d at 418-19.

The majority interprets *Fultz v. Haugan*, 49 Ill. 2d 131, 305 N.E.2d 873 (1971), as providing authority for it to determine the propriety of the trial court's rulings upon motions made by the parties after a final and appealable order was entered on May 5, 1999. *Fultz* was decided one year after *Deckard*. Dissimilar to the majority's interpretation of *Fultz*, the supreme court has extrapolated from *Fultz* the rule established in *Deckard*, that a motion for leave to amend a complaint, after dismissal with prejudice, does not extend the time for appeal or the time for filing other motions. See *Andersen v. Resource Economic Corp.*, 133 Ill. 2d 342, 549 N.E.2d 1262 (1990).

Other appellate courts have disregarded *Fultz* in favor of a finding that *Deckard* properly sets forth the law in this state. See *In re Marriage of Viehman*, 91 Ill. App. 3d 315, 414 N.E.2d 853 (1980); *Drafz v. Parke, Davis & Co.*, 80 Ill. App. 3d 540, 400 N.E.2d 515 (1980); *Handing v. Power Ford, Inc.*, 67 Ill. App. 3d 466, 385 N.E.2d 95 (1978).

The factual scenario in *Andersen*, a case more recently decided by the supreme court than *Fultz*, is quite similar to that in the case at bar. The plaintiff in *Andersen* filed a complaint which was ultimately dismissed for failure to state a cause of action and plaintiff was given leave to file an amended complaint. *Andersen*, 133 Ill. 2d at 343, 549 N.E.2d at 1263. Plaintiff's first amended complaint was also dismissed for failure to state a cause of action and plaintiff was again given leave to amend. Eventually, plaintiff's second amended complaint was dismissed for failure to state a cause of action. Plaintiff filed an appeal, which he later moved to dismiss, and simultaneously filed a motion for leave to file a third amended complaint, claiming that such motion was in the nature of a posttrial motion. *Andersen*, 133 Ill. 2d at 344, 549 N.E.2d at 1263.

The issue before the appellate court was whether plaintiff's motion to file a third amended complaint could be considered a valid posttrial motion extending the time in which plaintiff had to file a notice of appeal. The appellate court held that it was, but the supreme court reversed, holding that a motion for leave to amend a complaint, after dismissal with prejudice, does not extend the time for appeal or the time for filing other motions because such a motion is not "directed against the judgment" within the meaning of Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)). *Andersen*, 133 Ill. 3d at 347, 549 N.E.2d at 1264.

Here, the trial court's May 5, 1999, order denying Witvoet's motion for leave to file a second amended complaint was a final and appealable order though the order was silent as to whether it was entered with or without prejudice. See *Schuster Equipment Co. v. Design Electric Services, Inc.*, 197 Ill. App. 3d 566, 554 N.E.2d 1097 (1990) (If a complaint is dismissed because it is legally insufficient to state a

cause of action, as opposed to being technically deficient, the order is final and appealable. Moreover, if no right to amend is stated in the order, the dismissal order is final and appealable even though it fails to include the words "with prejudice"). Rather than timely file an appeal, Witvoet filed a motion for leave to file a third amended complaint. Witvoet's motion for leave to amend was not a valid postjudgment motion cognizable by the trial court or capable of extending the time for filing a notice of appeal under Rule 303(a) (107 Ill. 2d R. 303(a)(1)). See *Andersen*, 133 Ill. 2d at 346, 549 N.E.2d at 1264.

The majority believes that because Witvoet appeals the trial court's orders entered on June 28, 1999, September 3, 1999, and September 30, 1999, rather than the court's order entered May 5, 1999, it has jurisdiction over this appeal. What the majority fails to consider is the long-standing rule in Illinois that a trial court loses jurisdiction over an action when 30 days have passed following the entry of a final and appealable order concerning that action and when, during that time, neither party has taken any *legally proper* action to delay the 30-day period. See *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 561 N.E.2d 1154 (1990).

As noted above, Witvoet's motion for leave to file a third amended complaint on June 4, 1999, cannot be considered a proper legal action which would delay the 30-day period in which he had to appeal the trial court's May 5, 1999, order. Accordingly, the trial court was without jurisdiction to rule on the merits of that motion and any subsequent motions filed by Witvoet. This court is without jurisdiction because Witvoet failed to file a timely appeal after the trial court rendered a final and appealable order on May 5, 1999.

*Andersen* properly sets forth the law in this state as determined by the supreme court in *Deckard*. Because *Andersen* was written 19 years after *Fultz* by the same court, I suggest that the majority errs in interpreting *Fultz* as granting it authority to decide this case on the merits. This court was without jurisdiction to hear Witvoet's appeal and, accordingly, I would affirm on that basis.