CHARLENE HOLTZ *et al.*, Plaintiffs-Appellees, v. BRUCE CROWN *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—03—3438

━━━━━━━━

Opinion filed June 2, 2005.

Law Offices of James A. Roth (James A. Roth, of counsel), and Wildman, Harrold, Allen & Dixon, L.L.P. (Thomas I. Matyas and Richard B. Thies, of counsel), both of Chicago, for appellants.

Friedman & Holtz, P.C., of Chicago (James D. Wascher, of counsel), for appellees.

PRESIDING JUSTICE REID delivered the opinion of the court:

The defendants, Bruce Crown, Bruce Alan Crown, trustee of the Bruce Alan Crown Restated Grantor's Trust dated as of August 13, 1992, Graystar Corporation, and American Demolition Corporation, appeal the trial court's order that granted the plaintiffs, Charlene Holtz and Chicago Title and Trust Company, as trustee under trust agreement dated March 3, 1978, and known as trust Number 1071724, leave to file an amended complaint.

On appeal, the certified question that we are faced with is whether a motion to amend pursuant to section 2—1005(g) (735 ILCS 5/2—

1005(g) (West 2002)) of the Illinois Code of Civil Procedure (Code) extends the trial court's subject matter jurisdiction beyond 30 days after the grant of summary judgment which disposed of all the parties and issues. For the following reasons, the certified question is answered "yes."

## BACKGROUND

On July 13, 2001, the plaintiffs filed a three-count verified complaint to quiet title and for declaratory and injunctive relief against the defendants. The complaint asserted that the plaintiffs had acquired title by adverse possession to a certain property located between 1665 North Burling Street in Chicago, Illinois, which was beneficially owned by Crown and a property located at 1701 North Burling Street, which is beneficially owned by Holtz.

Thereafter, the defendants moved for summary judgment. The trial court granted summary judgment in favor of the defendants with respect to plaintiffs' adverse possession claim on June 23, 2003. The sole basis upon which the trial court granted the motion was the court's finding that the plaintiffs had not established exclusive possession of the property in dispute.

Also, on June 23, 2003, counsel for plaintiffs orally moved the court to file an amended complaint to include claims for a prescriptive easement and damages. At the request of counsel for the defense, the trial court directed plaintiffs to make the motion in writing for leave to file an amended complaint.

The plaintiffs filed and served a motion for leave to file an amended complaint pursuant to section 2—1005(g) on July 18, 2003. A copy of the five-count amended complaint was attached to the plaintiffs' motion.

On July 28, 2003, the trial court issued a scheduling order, which was prepared by defendants' attorney. Therein, the trial court ordered: (1) the defendants to file a brief in response to the plaintiffs' motion for leave to file an amended complaint on or before August 11, 2003, and (2) the plaintiffs to file a response brief on or before August 25, 2003.

On August 11, 2003, the defendants responded to plaintiffs' motion to file an amended complaint. In their response, the defendants claimed that plaintiffs' motion was untimely and legally insufficient. On August 25, 2003, the plaintiffs filed a reply memorandum in support of their motion for leave to file an amended complaint.

Counsel for the parties appeared before the trial court for a hearing on plaintiffs' motion for leave to file an amended complaint on September 23, 2003. After hearing arguments, the trial court entered

an order authorizing the parties to submit additional memoranda regarding the motion. This order was prepared by counsel to the defendants.

On September 30, 2003, the defendants filed a supplemental response to plaintiffs' motion for leave to file an amended complaint where they argued that the trial court lost subject matter jurisdiction over the case 30 days after the entry of summary judgment and that the filing of plaintiffs' motion for leave to amend did not extend the trial court's jurisdiction. On October 7, 2003, the plaintiffs filed a surreply in support of their motion for leave to file an amended complaint, wherein they argued that the trial court retained jurisdiction to decide their motion.

After a hearing, on October 14, 2003, the trial court granted plaintiffs' motion for leave to file an amended complaint. Thereafter, the defendants filed a motion for an Illinois Supreme Court Rule 308(a) (134 Ill. 2d R. 308(a)) statement regarding the trial court's October 14, 2003, order. The trial court granted the defendants' motion on November 10, 2003, which stated, *inter alia*:

"Defendants' motion for Illinois Supreme Court Rule 308(a) statement is granted. The court finds that the court's order of October 14, 2003, allowing Plaintiffs' leave to file an amended complaint presents a question of law to which there is substantial ground for difference of opinion and an immediate appeal from the order will materially advance the ultimate termination of the litigation. The question of law involved is: Does 735 ILCS 5/2—1005(g) extend the trial court's subject[ ]matter jurisdiction beyond 30 days by the filing of a motion for leave to amend on the 26th day after the grant of summary judgment but not presented for hearing until 36 days after the grant of summary judgment which disposed of all parties and all issues. Upon the grant of summary judgment, Plaintiffs made an oral request for leave to file an amended complaint and the court stated that the request must be in writing."

The trial court granted the defendants' motion and included the findings in the order as required by Illinois Supreme Court Rule 308. A court reporter also transcribed the proceedings at the November 10, 2003, hearing.

Subsequently, defendants filed their petition for leave to appeal under Supreme Court Rule 308, and the plaintiffs filed their answer in opposition. Thereafter, this court denied defendants' petition for leave to appeal. Defendants then filed a petition for leave to appeal to the Illinois Supreme Court. In response, the Illinois Supreme Court denied leave to appeal with directions to this court to vacate its prior order and to grant defendants' petition for leave to appeal.

### ANALYSIS

The question of law that we must decide is whether a motion to amend pursuant to section 2—1005(g) extends the trial court's subject matter jurisdiction beyond 30 days after the grant of summary judgment which disposed of all the parties and issues.

■ "In deciding an appeal under Supreme Court Rule 308, we limit ourselves to answering the certified questions. *Sassali v. De-Fauw*, 297 Ill. App. 3d 50, 51 (1998). Because we decide questions of law (155 Ill. 2d R. 308(a)), our review is *de novo*. See *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996)." *People ex rel. Levenstein v. Salafsky*, 338 Ill. App. 3d 936, 941-42 (2003).

The certified question presented to this court necessarily requires a two-part analysis: (1) whether a party preserves the trial court's subject matter jurisdiction by filing a motion for leave to amend a complaint within 30 days of the entry of summary judgment as to all parties and issues; and (2) if yes, whether the trial court retains its jurisdiction to rule on that motion beyond the 30 days from the entry of the final judgment.

■ At the outset, in answering the first question, we acknowledge that a trial court loses jurisdiction over a matter when: (1) 30 days have passed following the entry of a final and appealable order concerning that matter; and (2) during that time, neither party has taken any legally proper action to delay the 30-day period. *Bowers v. Village of Palatine*, 204 Ill. App. 3d 135, 137 (1990). Therefore, in this matter, to test the trial court's jurisdiction, we must consider whether plaintiff's filing of a motion for leave to amend the complaint within 30 days of the entry of summary judgment was a "legally proper action" that would delay the 30-day period.

■ Section 2—1005(g) of the Code expressly provides, in pertinent part, that "after the entry of a summary judgment, the court *shall* permit pleadings to be amended upon just and reasonable terms." (Emphasis added.) 735 ILCS 5/2—1005(g) (West 2002). The plain language of a statute provides the most reliable indicator of legislative intent, and we must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 56 (1998). The statute unequivocally allows the parties a mechanism to amend a pleading even after the entry of summary judgment. Thus, the filing of a motion for leave to amend pursuant to section 2—1005(g) must be a "legally proper action" that preserves the trial court's subject matter jurisdiction if filed within the requisite 30-day period. To conclude otherwise would eviscerate the parties' ability to utilize section 2—1005(g) when the entry of summary judg-

ment disposes of all of the parties and issues. The statute does not limit its application only to those instances where partial summary judgment has been granted, but extends to *any* entry of summary judgment, including one that renders a final judgment.

■ Next, we must consider whether the trial court retains its jurisdiction to rule on a timely filed motion for leave to amend beyond the requisite 30-day period. As we have previously found, nothing in the Code requires that a hearing date be set or that a trial court rule on a motion within 30 days of the entry of final judgments and orders. *Yang v. Chen*, 283 Ill. App. 3d 80, 84 (1996). There is no reason to treat a motion for leave to amend a complaint pursuant to section 2—1005(g) differently. Accordingly, as long as a party files the motion within the requisite 30-day period, the trial court retains jurisdiction to rule on the motion beyond the 30 days from the entry of the final judgment.

In answering the certified question, we shall examine *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186 (2000). In *Berg*, the sole issue on appeal was whether the plaintiff had properly invoked the appellate court's jurisdiction by timely filing her notice of appeal pursuant to Supreme Court Rule 303(a), attacking the entry of a summary judgment order. There, on September 4, 1996, the circuit court granted the defendants' motions for summary judgment on the plaintiff's complaint for personal injuries. The plaintiff subsequently filed a motion to reconsider, which requested, in the alternative, leave to file a second amended complaint. On October 15, 1996, the court denied the plaintiff's motion for reconsideration and took the plaintiff's request for leave to file a second amended complaint under advisement. The court ultimately denied the request for leave to amend on November 21, 1996. The plaintiff filed her notice of appeal from the summary judgment order on November 26, 1996. *Berg*, 193 Ill. 2d at 187; *Berg v. Allied Security, Inc., Chicago,* 297 Ill. App. 3d 891, 898 (1998) (clarifying that the order from which the plaintiff appealed from was the order granting summary judgment).

The supreme court held that the motion for leave to amend the complaint did not extend the time for filing her notice of appeal. The court explained that under Supreme Court Rule 303(a), she was required to file her notice of appeal within 30 days after the entry of the final judgment or within 30 days after an order disposing of a timely posttrial motion directed against the judgment. *Berg*, 193 Ill. 2d at 189. The court held that a motion for leave to amend was not a motion directed against the judgment and therefore did not extend the time under Rule 303(a) for appeal. *Berg*, 193 Ill. 2d at 189, citing *Fultz v. Haugan*, 49 Ill. 2d 131 (1971).

The key distinction between *Berg* and this matter is that in *Berg*, the plaintiff sought to attack the grant of summary judgment by filing what she erroneously believed was a posttrial motion that would extend the time for filing her notice of appeal. Here, plaintiffs did not seek to attack the grant of summary judgment and are not now appealing from the entry of summary judgment on their claim of adverse possession. Thus, the motion for leave to amend did not erroneously purport to be a posttrial motion directed against the judgment from which plaintiffs could no longer appeal. Rather, pursuant to section 2—1005(g), plaintiffs sought leave to file an amended complaint alleging a new theory which was properly filed within 30 days of the entry of summary judgment. Accordingly, the holding in *Berg* is distinct from, and therefore not dispositive of, the certified question before us.

The *Fultz* case relied on in *Berg* is instructive on this distinction and indeed supports the recognition that the trial court retains jurisdiction to rule on a motion for leave to amend after the entry of summary judgment. In *Fultz*, the trial court entered an order dismissing plaintiff's complaint on March 31, 1970. On April 21, the plaintiff filed a motion to vacate the order of dismissal which was subsequently denied on April 24. Thereafter, on May 18, the plaintiff filed a motion for leave to amend her complaint, and on July 2, the court denied that motion. Plaintiff then sought to appeal from the March 31 order of dismissal, the April 24 order denying her motion to vacate, and the order of July 2 denying her motion for leave to file an amended complaint. *Fultz*, 49 Ill. 2d at 134-35.

Our supreme court concluded that the motion for leave to amend was not a motion directed against the final judgment as required by Rule 303(a) which would extend the 30-day period for filing an appeal and, therefore, dismissed the plaintiff's appeal of the March 31 and April 24 orders, as the plaintiff had failed to file her notice of appeal within 30 days after the court's April 24 order, disposing of her pending postjudgment motion. *Fultz*, 49 Ill. 2d at 136. However, our supreme court determined that it did have jurisdiction to consider the orders entered on July 2, including the denial of the motion for leave to amend. *Fultz*, 49 Ill. 2d at 136. Thus, *Fultz* recognized that the trial court retained jurisdiction to entertain the plaintiff's motion for leave to amend her complaint.

Applying the same rationale and relying on the holding in *Fultz*, the court in *Witvoet v. Fireman's Fund Insurance, Inc.*, 317 Ill. App. 3d 915 (2000), reached the same conclusion. There, the trial court entered an order denying the plaintiff's motion for leave to amend the complaint on May 5, 1999, thereby adjudicating the plaintiff's claim as to all defendants. Thirty days later, on June 4, the plaintiff filed a new

motion for leave to file an amended complaint. That motion was denied on June 28. Thereafter, on July 21, the plaintiff filed a motion to reconsider its denial and defendants moved to strike the motion. On September 3, the trial court granted the defendants' motion to strike and entered a clarifying order on September 24. The plaintiff filed a notice of appeal on October 1, seeking to appeal the trial court's orders of June 28, September 3, and September 24. *Witvoet*, 317 Ill. App. 3d at 916-17.

The appellate court rejected the defendants' argument that the appellate court lost jurisdiction when the plaintiff failed to file a timely notice of appeal within 30 days of the May 5 order or within 30 days of a postjudgment motion directed against that order. Rather, the court found that the defendants misapprehended the limited scope of the plaintiff's appeal. *Witvoet*, 317 Ill. App. 3d at 918. Since the plaintiff did not appeal from the May 5 order, the only question before the court was whether the plaintiff had successfully preserved appeal of the court's orders denying him leave to file an amended complaint and striking his motion for reconsideration. The court held that under *Fultz*, it had jurisdiction to consider the limited issues that the plaintiff presented to the court, including the denial of the plaintiff's motion of leave to amend the complaint. *Witvoet*, 317 Ill. App. 3d at 918-19.

Accordingly, we answer the certified question before this court in the affirmative.

## CONCLUSION

■ For the foregoing reasons, the certified question of whether a motion to amend pursuant to section 2—1005(g) extends the trial court's subject matter jurisdiction beyond 30 days after the grant of summary judgment which disposed of all the parties and issues is answered "yes."

Certified question answered "yes."

THEIS and QUINN, JJ., concur.